602 A.2d 494

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Terri L. CAVEY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 29, 1991.

Decided Jan. 22, 1992.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

No appearance for appellee.

Before COLINS and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals from an order of the Court of Common Pleas of Chester County (trial court) sustaining the appeal of Terri L. Cavey (Licensee) and reinstating her driving privileges.

On December 7, 1990, Officer Douglas Soule observed Licensee's vehicle swerve and cross the center line of the road. Officer Soule stopped the vehicle and approached the driver. He noticed that there was an odor of alcohol and that Licensee's speech was slurred. After Licensee failed two field sobriety tests, Officer Soule arrested her and gave the implied consent warnings. Once at the police station, Licensee consented to the breathalyzer test. The first breath sample yielded a blood alcohol reading of .18, but after at least three additional unsuccessful attempts, Licensee was unable to provide a sufficient amount of air for a second sample. Officer Soule advised Licensee that failure to provide a sufficient second breath sample is the same as refusing to take the test and then requested that she go to the hospital for a blood alcohol test. Her husband indicated to Officer Soule that she refused and Licensee did not contradict that refusal.

By letter dated March 6, 1991, PennDOT suspended Licensee's driving privileges for one year for refusing to take a chemical test in violation of Section 1547 of the

Vehicle Code, *as amended,* 75 Pa.C.S. § 1547.[1] Licensee appealed the suspension to the trial court, contending that her license should not be suspended because she provided one sample and she was very cooperative in attempting to provide more samples for the breath tests. The trial court, *sua sponte,* found that the two breath sample requirement of 67 Pa.Code § 77.24 was unconstitutional and reinstated Licensee's operating privileges. The instant appeal followed.[2]

 PennDOT contends that the trial court erred in deciding the case on the basis of the constitutional issue that was not raised or argued by the parties. In *Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975), our Supreme Court was presented with a divorce case where the Superior Court had held the divorce law unconstitutional, as contrary to the Equal Rights Amendment, although the constitutionality of the divorce law was not raised by the parties. In discussing the *sua sponte* consideration of issues, the Supreme Court stated:

> The Superior Court, by *sua sponte,* deciding the constitutional issue, exceeded its proper appellate function of deciding controversies presented to it. The court thereby unnecessarily disturbed the processes of orderly judicial decision making. Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy.

*Id.,* 461 Pa. at 485, 337 A.2d at 257. It held that the Superior Court should not have considered an issue not

---

1. 75 Pa.C.S. § 1547(b) mandates that if anyone who is arrested for driving under the influence of alcohol is requested to submit to chemical testing and refuses to do so, that person will have their driving privileges suspended for one year by PennDOT. 67 Pa.Code § 77.24(b) provides procedures for breath tests and requires "two consecutive actual breath tests, without a required waiting period between the two tests."

2. Our scope of review in a driver's license suspension case is to determine whether the trial court made errors of law or abused its discretion in reaching the decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 248, 555 A.2d 873, 875 (1989).

raised, but instead, should have resolved the case on the issues raised by the parties. *Id.*, 461 Pa. at 485, 337 A.2d at 257–58.

■ Because Licensee did not raise the issue that the regulation requiring two breath samples is unconstitutional in her petition for appeal or at the hearing, our Supreme Court holding in *Wiegand* controls and the trial court erred in deciding the case on the issue of the constitutionality of the regulation. Although often it is necessary to remand under these circumstances so that the trial court can decide the case on the issues presented, in this case, that is unnecessary, because the trial court found and the facts established that Licensee's conduct constituted a refusal of the breath test under 67 Pa.Code § 77.24.[3] Accordingly, the decision of the trial court is reversed and PennDOT's one-year suspension of Licensee's driving privileges should be reinstated.

## ORDER

AND NOW, this 22nd day of January, 1992, the order of the Court of Common Pleas of Chester County, dated June 10, 1991, No. 91–02641, is reversed.

---

**3.** "If we were to apply ... post-Section 77.24 cases to the present case (since the incident in question took place after Section 77.24 was in effect) we would be forced to conclude that Mrs. Cavey refused to consent to a breath test for the purpose of Section 1547 of the Motor Vehicle Code and the suspension of her license must be upheld." Trial court opinion at 4.