**Lawrence J. HARRINGTON, III,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 2001.

Decided Oct. 18, 2001.

Michelle A. Fioravanti and Timothy P. Wile, Asst. Counsel In-Charge, King of Prussia, for appellant.

John J. Kerrigan, Jr., Newton, for appellee.

Before DOYLE, President Judge, McGINLEY, Judge, McCLOSKEY, Senior Judge.

McGINLEY, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals the order of the Court of Common Pleas of Chester County (trial court) that sustained Lawrence J. Harrington, III's (Harrington) appeal from the one year suspension of his operator's license.

On January 27, 1999, Harrington was originally convicted in New Jersey of operating a motor vehicle while under the influence of liquor/drugs, an offense that occurred on August 9, 1998. On February 26, 1999, DOT notified Harrington that his driving privilege was suspended for one year, effective April 2, 1999, pursuant to Section 1532(b) of the Vehicle Code (Code),

75 Pa.C.S. § 1532(b) [1], for the conviction in New Jersey for an offense that was equivalent to Section 3731 of the Code, 75 Pa. C.S. § 3731. Harrington appealed.

At the May 6, 1999, appeal hearing, DOT introduced a packet of documents that established the New Jersey conviction and the notice to Harrington of the one year suspension of his driving privilege. Harrington admitted on cross-examination that he was convicted in New Jersey on January 27, 1999. He also admitted that he entered a plea of not guilty, was found guilty, and did not forfeit any bail bond or other security. Notes of Testimony, May 6, 1999, at 13–14; Reproduced Record (R.R.) at 28a 29a. Harrington's counsel argued that the New Jersey information was insufficient under the Compact to result in a suspension and that Harrington entered a plea of guilty with civil reservation in New Jersey which could not be used in a civil proceeding in another state. The Commonwealth argued that the information was sufficient particularly in light of the recent amendment to Section 1584 of the Code, 75 Pa.C.S. § 1584.[2]

By order dated May 6, 1999, the trial court sustained Harrington's appeal. The trial court stated:

We found the New Jersey notice to be deficient in that it lacked some of the information required by Article III of the Compact, and 75 Pa.C.S.A. § 1584 was not a cure for the lack of information required under Article III of the Compact.

. . . .

75 Pa.C.S.A. § 1581 Article III reporting requirements satisfy due process under *Bell v. Burson* [402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) ]. However, the amendment under 75 Pa.C.S.A.

---

1. Under Section 1532(b)(3) of the Code, 75 Pa.C.S. § 1532(b)(3), DOT is required to suspend for one year the operating privilege of any person convicted of violating Section 3731 of the Code [Driving While Under the Influence]. *Sullivan v. Department of Transportation, Bureau of Driver Licensing*, 550 Pa. 639, 708 A.2d 481 (1998).

Section 1581 of the Code, 75 Pa.C.S. § 1581, codifies the Commonwealth's entry as a party state to the Driver License Compact of 1961 (Compact). Article IV(a)(2) and (c) of the Compact, 75 Pa.C.S. § 1581, state in pertinent part as follows:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;

. . . .

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

2. Section 1584 of the Code, 75 Pa.C.S. § 1584, provides:

The Department of Transportation of the Commonwealth shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV and V of the compact. The omission from any report received by the department from a party state of any information required by Article III of the compact shall not excuse or prevent the department from complying with its duties under Articles IV and V of the compact.

§ 1584, relaxing the reporting requirements of the Driver's License Compact dilutes the notice requirement to the point where Article III and due process are both violated. Absent all the information required under Article III, the notice is defective for purposes of enforcing the compact.

We believe that if 75 Pa.C.S.A. § 1584 is allowed to stand and thus modify the Compact then the Compact would fail to meet the minimum notice requirements due process demands. However, if we strike down § 1584 then the unmodified Compact is left intact as constitutionally sound. We choose the path of least destruction and strike down 75 Pa. C.S.A. § 1584 as unconstitutional.

Trial Court Opinion, June 30, 1999, at 1, 7; R.R. at 79a, 85a.

DOT appealed to this Court. This Court transferred the appeal to our Pennsylvania Supreme Court pursuant to Section 722(7) of the Judicial Code, 42 Pa.C.S. § 722(7) which vests exclusive jurisdiction in the Pennsylvania Supreme Court over any opinion issued by a court of common pleas that declares an enactment of the General Assembly unconstitutional. Our Pennsylvania Supreme Court determined that Section 1584 of the Code was constitutional and reversed and remanded to the trial court to consider the remaining issues of Harrington's appeal. *Harrington v. Department of Transportation*, 563 Pa. 565, 763 A.2d 386 (2000).

By order dated January 2, 2001, the trial court ordered Harrington to list and brief the issues on remand and file this list with the trial court on or before February 23, 2001, and ordered that a hearing be held on the matter on March 9, 2001. In his memorandum of law, Harrington listed the following issues: 1) whether the General Assembly had the power to unilaterally amend the Compact; 2) whether New Jer-

sey transmitted the information required under Section 1581 of the Code, 75 Pa.C.S. § 1581; 3) if Harrington's plea with a civil reservation prohibited its use in a civil proceeding in Pennsylvania; 4) whether the New Jersey statute was substantially similar to the Compact; and 5) whether Harrington would have received ARD in Pennsylvania for the same conduct.

Harrington also submitted a June 17, 1999, court order from the Superior Court of New Jersey Law Division/Criminal, Cape May County Docket No.App. 8–2–99 in which the New Jersey court accepted Harrington's *retraxit* guilty plea, sentenced Harrington to a one hundred eighty (180) day suspension of his New Jersey driving privileges, ordered him to pay $507.00 in fines and costs, ordered that Harrington's appeal to the Superior Court of New Jersey be withdrawn and dismissed, and ordered that Harrington's guilty plea not be used in any civil proceeding.

The trial court heard oral argument on March 9, 2001. By order dated May 2, 2001, the trial court sustained Harrington's appeal and reinstated his operating privilege. The trial court ruled in DOT's favor on all five of the issues listed for appeal. However, the trial court added a sixth: the date of conviction and ruled:

> The New Jersey notice erroneously states that the date of conviction was 01/27/99.... However, based on the documents admitted into the record without objection, we find as a fact that the New Jersey notice was factually wrong and does not support the notice of suspension that Pennsylvania sent to Mr. Harrington. The guilty plea with civil reservation occurred on June 17, 1999. Mr. Harrington preserved this issue in his initial pleadings and again during the May 6, 1999 hearing. Since the New Jersey information is factually wrong

there is no factual basis to support this specific Pennsylvania notice of suspension.

Trial Court Opinion, May 2, 2001, at 10–11; R.R. at 131a–132a. DOT appealed.

 DOT contends that the trial court committed reversible error by raising *sua sponte* a challenge to the sufficiency of the New Jersey conviction report and then sustaining Harrington's appeal upon the basis of that challenge and that DOT established that Harrington was convicted of driving under the influence which was the factual basis to suspend Harrington's operating license.[3]

Regarding the *sua sponte* challenge, we agree with DOT that Harrington did not challenge the accuracy of the information set forth in the New Jersey report of his conviction either in his statutory appeal petition or at the May 6, 1999, hearing before the trial court. In fact, Harrington admitted on cross-examination that the date of his conviction was January 27, 1999.[4] Further, when Harrington listed his challenges to DOT's suspension following the remand order of our Pennsylvania Supreme Court, he did not list an incorrect conviction date on the conviction report as an issue. Additionally, Harrington did not raise this issue at the March 9, 2001, oral argument. Therefore, it appears that the trial court did raise this issue *sua sponte.* This Court has determined that a trial court commits reversible error when it raises an issue *sua sponte* and decides a case based on that issue. *Department of Transportation, Bureau of Driver Licens-*

*ing v. Cavey*, 145 Pa.Cmwlth. 154, 602 A.2d 494 (1992). The trial court expressly ruled in DOT's favor on all of the issues that Harrington did raise and decided this case solely based on its determination that the conviction date in the New Jersey report of conviction was incorrect.[5]

Accordingly, we reverse.

### ORDER

AND NOW, this 18th day of October, 2001, the order of the Court of Common Pleas of Chester County in the above-captioned matter is reversed.

---

3. Our review of a license suspension appeal is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed, or the trial court abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Fellmeth*, 108 Pa.Cmwlth. 172, 528 A.2d 1090 (1987).

4. Apparently, though it is not entirely clear form the record, Harrington was allowed to change his plea from not guilty to guilty with civil reservation and as part of the same proceeding Harrington withdrew his appeal to the Superior Court of New Jersey.

5. We need not address DOT's remaining issue.