337 A.2d 256

**Sara WIEGAND, Appellant,**

**v.**

**Myron Paul WIEGAND.**

Supreme Court of Pennsylvania.

Argued May 23, 1974.

Decided May 13, 1975.

John W. Campbell, Jr., Pittsburgh, for appellant.

Lawrence N. Paper, Berger & Kapetan, Pittsburgh, Kathleen Herzog Larkin, Deputy Atty. Gen., Lawrence Silver, Deputy Atty. Gen., Chief, Litigation Div., Israel Packel, Atty. Gen., Dept. of Justice, Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from an order of the Superior Court declaring sections 11 and 46 of the Divorce Law [1] unconstitutional as contrary to the Equal Rights Amendment of the Pennsylvania Constitution, P.S.[2]  Because the consti-

---

1. Act of May 2, 1929, P.L. 1237, §§ 11 & 46, as amended, 23 P.S. §§ 11 & 46 (1955 & Supp.1974).  Section 11 provides:

   "Upon complaint, and due proof thereof, it shall be lawful for a wife to obtain a divorce from bed and board, whenever it shall be judged, in the manner hereinafter provided in cases of divorce, that her husband has:

   (a) Maliciously abandoned his family; or

   (b) Maliciously turned her out of doors; or

   (c) By cruel and barbarous treatment endangered her life; or

   (d) Offered such indignities to her person as to render her condition intolerable and life burdensome; or

   (e) Committed adultery."

   When the Superior Court reached its decision, § 46 provided:

   "In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses.  If at any time, either before or after a final decree has been entered divorcing the parties, the husband is in arrears in the payment of the alimony pendente lite, counsel fees and expenses so allowed, the wife or ex-wife, as the case may be, may, by affidavit of default, upon praecipe to the prothonotary, obtain a judgment for such arrearages: Provided, That no such judgment shall be entered more than one year after a final decree is issued."

   This section was subsequently amended.  Act of June 27, 1974, P.L. ——, No. 139 (Pa.Legis.Serv. 423 (1974)).

2. Pa.Const. art. I, § 28.

tutionality of these provisions was never questioned by the parties either in the trial court or in their briefs in the Superior Court, we conclude that this issue was not properly before that court. We therefore reverse and remand to the Superior Court for consideration of the issues properly presented by the parties.

On July 12, 1967, appellant Sara Wiegand filed in the court of common pleas an action for divorce from bed and board against appellee Myron Wiegand. Mrs. Wiegand also petitioned the court for alimony and preliminary counsel fees pendente lite. Pursuant to section 46 of the Divorce Law, the court granted the petition and ordered Mr. Wiegand to pay $875 per month alimony and $250 preliminary counsel fees. Subsequently, Mrs. Wiegand petitioned the court for additional fees and reimbursement of costs incurred in prosecuting the divorce. After several hearings, the court granted the petition and on March 10, 1972, awarded $5,000 additional preliminary counsel fees and $82.20 expenses.

Mr. Wiegand appealed the order of March 10 to the Superior Court asserting that 1) the trial court had erred by refusing to permit him to cross-examine Mrs. Wiegand during the hearings about the disposition of her own estate and 2) the award of $5,000 attorney's fees was an abuse of the trial court's discretion. Despite submission to the Superior Court of only these two issues, that court felt "compelled to consider whether, in light of the adoption of the Equality of Rights Amendment to the Pennsylvania Constitution, §§ 11 and 46 of The Divorce Law, . . . providing respectively that wives, but not husbands may obtain divorces from bed and board and be allowed reasonable alimony pendente lite, counsel fees, and costs in a divorce action, still pass constitutional muster." 226 Pa.Super. 278, 280, 310 A. 2d 426, 427 (1973).

The Superior Court concluded that the statutory provisions impermissibly discriminated on the basis of sex and

were therefore void as repugnant to the Constitution. It therefore decided that awards of counsel fees and expenses pursuant to those provisions were invalid and reversed the order of the court of common pleas. Three judges of that court dissented and would have remanded the case to the trial court so that Mrs. Wiegand could be cross-examined about the disposition of her own estate. We allowed this appeal.[3]

■■ The Superior Court by sua sponte deciding the constitutional issue exceeded its proper appellate function of deciding controversies presented to it. The court thereby unnecessarily disturbed the processes of orderly judicial decisionmaking. Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy. In sua sponte disposition of attacks upon the constitutionality of statutes, the attorney general is denied the opportunity of appearing and responding to the constitutional challenge. See Pa.R.Civ.P. 235(a). Furthermore, sua sponte determinations raise many of the considerations that led this Court to require without exception that issues presented on appeal be properly preserved for appellate review by timely objection in the trial court. See *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); cf. *Commonwealth v. Clair*, —— Pa. ——, 326 A.2d 272 (1974).

■ It must therefore be concluded that the Superior Court should not have considered an unpresented issue, but instead resolved the appeal on the basis of the issues raised by the parties.

The order of the Superior Court is reversed and the cause remanded to the Superior Court for consideration of the issues raised at trial and properly preserved for appellate review.

3. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1974).