Joseph F. Wesolek v. Shaler Township and Shaler Township Civil Service Commission. The Township of Shaler, Appellant.

Argued November 20, 1980, before Judges MENCER, ROGERS, and PALLADINO, sitting as a panel of three.

*John H. Bingler, Jr.*, with him *Joseph Mack, III, Thorp, Reed & Armstrong*, for appellant.

*P. Andrew Diamond*, with him *John R. DeAngelis, Lewis, Stockey and DeAngelis*, for appellee.

OPINION BY JUDGE MENCER, January 28, 1981:

The Civil Service Commission of the Township of Shaler, Allegheny County, sustained a 7-day suspension, without pay, meted out to police officer Joseph F. Wesolek (Wesolek) for alleged disobedience of orders and conduct unbecoming an officer. Wesolek appealed to the Court of Common Pleas of Allegheny County and set forth in his appeal the following reasons why he contended the Commission's determination should be reversed:

(A) The findings of facts of the Respondent Civil Service Commission are in error;

(B) The findings of facts of the Respondent Civil Service Commission was [*sic*] against the weight of the evidence;

(C) The conclusions of law reached by the Respondent Civil Service Commission are erroneous;

(D) The Respondent Civil Service Commission admitted and considered heresay [*sic*] evidence and other illegal and incompetent evidence over Petitioner's objections;

(E) The Respondent Civil Service Commission violated the Petitioner's United States Constitutional rights;

(F) The Respondent Civil Service Commission acted arbitrary [*sic*] and capricious [*sic*] in sustaining the seven (7) day suspension of the Respondent Township Public Safety Committee;

(G) The written charges issued by the Township on February 14, 1979, are not in conformity with the law;

(H) The First Class Township Code indicates that there shall be three Civil Service Commissioners. In the instant matter there were only two Civil Service Commissioners who rendered a decision.

(I) The Respondent Township and the Respondent Civil Service Commission under color of state law violated the Petitioner's right of equal protection of the law as guaranteed by the United States Constitution.

Following a hearing, the lower court authored an opinion in which the following statement appears: "We do not believe that we need to consider the merits of the case, because of a fatal defect in the procedure followed by the Commission."

The lower court concluded that the Commission had failed to comply with the procedure governing the

suspension of a township police officer[1] by not providing Wesolek with a hearing within a period of 10 days from the filing of charges in writing unless continued by the Commission for cause at the request of the township commissioners or the accused.[2] Accordingly, an order was entered on January 3, 1980 sustaining Wesolek's appeal and reinstating him with full pay for the period during which he was suspended. This appeal followed, and we reverse and remand.

This appeal is controlled by the rationale of our Supreme Court's holding in *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975), which has been applied to lower court determinations in *In re Duncan Trust*, 480 Pa. 608, 391 A.2d 1051 (1978), and in *Butler Area School District v. Butler Education Association*, 481 Pa. 20, 391 A.2d 1295 (1978).

---

[1] Section 645 of the Act of June 24, 1931, P.L. 1206, *as amended*, added by Section 20 of the Act of May 27, 1949, P.L. 1955, *as amended*, 53 P.S. 55645, pertains to hearings relative to suspensions of persons employed by a first class township and in pertinent part reads as follows:

> If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing unless continued by the commission for cause at the request of the township commissioners or the accused.

[2] Since the record before the lower court was silent on the question of whether or not the hearing had been continued at the request of the township commissioners or the accused, the lower court apparently assumed there had been no such request or continuance. The appellant here contends that the lower court's assumption in this regard was incorrect and that in fact Wesolek requested and was granted a continuance of the hearing scheduled pursuant to the provisions of 55 P.S. §55645.

In *Wiegand,* it was held that the Superior Court should not have considered an unpresented issue but instead should have resolved the appeal on the basis of the issues raised by the parties. Sua sponte consideration of issues not raised were deemed to deprive counsel of the opportunity to brief and argue such issues and the court of the benefit of counsel's advocacy.

In *Duncan Trust,* it was held that it was error for a trial judge to make a sua sponte determination on the basis of issues not raised or litigated by the parties. Our Supreme Court stated that, in adjudicating the exceptions to his decree, the common pleas judge was performing an essentially appellate function.

In *Butler Area School District,* a ruling by the Court of Common Pleas of Butler County that the Public Employe Relations Act[3] was unconstitutional, insofar as it provides for the right to strike by teachers, was held to be improvident where that issue was not raised by the parties, and *Wiegand v. Wiegand, supra,* was cited as the authority for the holding.

Accordingly, we must conclude that here the Court of Common Pleas of Allegheny County erred in deciding Wesolek's appeal from the Civil Service Commission's determination on the basis of an issue not presented to it by the parties. *See Coleman v. Board of Education of School District of Philadelphia,* 477 Pa. 414, 383 A.2d 1275 (1978).

Order reversed and case remanded.

ORDER

AND Now, this 28th day of January, 1981, the order of the Court of Common Pleas of Allegheny County, under date of January 3, 1980, sustaining the

_____

[3] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 *et seq.*

appeal of Joseph F. Wesolek from an order of the Civil Service Commission of the Township of Shaler is reversed and the case remanded to the Court of Common Pleas of Allegheny County for consideration of the issues raised by the appeal of Joseph F. Wesolek to that court from an order of the Civil Service Commission of the Township of Shaler.