443 A.2d 822

**COMMONWEALTH of Pennsylvania**

v.

**Arnold ROSENFIELD, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 14, 1981.

Filed March 26, 1982.

---

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, BECK and POPOVICH, JJ.

WICKERSHAM, Judge:

Arnold Rosenfield, appellant, was charged by criminal informations in Delaware County with unlawfully and feloniously attempting to and, in fact, taking or exercising

unlawful control over movable property, to wit: in excess of $135,000.00 U.S. currency, belonging to Circle Ford Company, with intent to deprive said company thereof. The offenses charged in the informations included theft by unlawful taking or disposition (18 Pa.C.S. § 3921), theft by receiving stolen property (18 Pa.C.S. § 3925), theft by deception (18 Pa.C.S. § 3922), and theft by failure to make required disposition of funds received (18 Pa.C.S. § 3927).

Trial commenced in Media on January 17, 1980 before the Honorable Robert A. Wright and a jury. Appellant was found guilty of theft by unlawful taking or disposition, theft by deception and theft by failure to make required disposition of funds received.

Following trial, Arnold Rosenfield filed a motion in arrest of judgment reading as follows:

## MOTION IN ARREST OF JUDGMENT

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

AND NOW, after verdict against the said Defendant and before sentence comes the said Defendant, by his attorney Daniel E. Murtaugh, Jr., Esquire, and moves the Court to arrest judgment herein, and not pronounce the same, because of manifest errors in the record appearing; to wit, the evidence was insufficient to sustain the verdict, and such other reasons as may be assigned after a review of the Notes of Testimony.

and he filed a motion for a new trial, reading as follows:

## MOTION FOR NEW TRIAL

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

The Court is respectfully moved to grant a new trial in the above stated case for the following reasons:

1. The verdict was against the law.
2. The verdict was against the weight of the law.
3. The verdict was against the evidence.
4. The verdict was against the weight of the evidence.

5. It is further requested that leave be granted to state additional specific grounds after the transcription of the notes of testimony.

On October 23, 1980, Judge Wright denied defendant's motions for a new trial and in arrest of judgment.

On November 14, 1980, Judge Wright sentenced Arnold Rosenfield to a term of imprisonment for a minimum of eight months and a maximum of three years on the conviction of theft by deception and suspended sentence on the conviction of theft by unlawful taking or disposition. On the conviction of failing to make required disposition of funds received, the defendant was sentenced to undergo imprisonment in the Delaware County Prison for a minimum of eight months and a maximum of three years. He was also ordered to make restitution in the amount of $75,000 and the sentences to imprisonment were directed to run concurrently. This appeal followed. In his statement of questions involved, appellant sets forth the following:

I. Whether the lower court erred in admitting into evidence the work sheet summaries prepared by Mrs. Cohen, since the summaries were equivalent to expert opinion testimony which the witness was not competent to give?

II. Whether the lower court erred by charging the jury that bookkeeping was not an issue in the case?

III. Whether the lower court erred when it attempted to correct the instruction it had given regarding bookkeeping not being an issue?

IV. Whether the lower court erred when charging the jury as to the status of testimony of persons who are not experts?

Brief for Appellant at 4.

We affirm for want of compliance with the written post-verdict motions specificity requirement of Pa.R.Crim.P. 1123(a) and *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

In *Commonwealth v. Philpot*, 491 Pa. 598, 421 A.2d 1046 (1980), Mr. Justice Roberts speaking for a unanimous court said:

This is a direct appeal from a judgment of sentence imposed by the Court of Common Pleas of Allegheny County on a jury verdict of guilty of murder of the third degree. We affirm for want of compliance with the written post-verdict motion specificity requirement of Pa. R.Crim.P. 1123(a) and *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

On February 15, 1979, appellant filed a written 'Motion For New Trial And/Or Arrest of Judgment.' Contained in the written motion was only the following allegation:

'1. The jury verdict was against the weight of the law and the evidence in this case.'

The post-verdict court denied relief and entered judgment of sentence. On this appeal, appellant contends (1) that he should be discharged for want of sufficient evidence of malice and (2) that he should be awarded a new trial because the Commonwealth failed to produce allegedly existing handwritten notes of the investigating officer to whom appellant gave a statement.

Rule 1123(a) of our Rules of Criminal Procedure (adopted June 8, 1973) provides:

'Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pretrial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued.'

In *Blair*, this Court (on January 29, 1975) unanimously stated:

'The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial courts and appellate courts.'

460 Pa. at 32 n.1, 331 A.2d at 214 n.1. See also *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975) (appellate

courts shall not dispose of cases on substantive issues raised sua sponte). Here, well over five years after the promulgation of Rule 1123(a) and over four years after *Blair*, appellant failed to present his allegations of error in writing to the post-verdict court. See *Commonwealth v. Meadows*, 471 Pa. 201, 208–209, 369 A.2d 1266, 1270 (1977). Consistent with Rule 1123(a) and *Blair*, this Court will not consider appellant's claims.

*Id.*, 491 Pa. at 599–600, 421 A.2d at 1046–47.

As Judge Wright pointed out in his opinion of October 23, 1980:

Following trial Defendant filed Boiler-Plate Motions for New Trial and In Arrest of Judgment, reserving the right to supplement said Motions by additional grounds following the transcription of the Notes of Testimony. After the notes were transcribed, Defendant failed to file additional grounds for his Motions.

Pennsylvania Rule of Criminal Procedure 1123(a) provides as follows:

'Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pretrial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued.'

Compliance with this Rule is mandatory. This has been pointedly brought to the fore by the Supreme Court of Pennsylvania in its decision of *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), in footnote 1: '. . . Henceforth, issues not presented in compliance with the Rule [1123(a)] will not be considered by our trial and appellate courts.'

The above pronouncement '. . . is intended to enhance the quality of review at both the trial and appellate levels.

At the trial level, counsel's precise statement of issues and grounds relied upon in written form insures that both the trial court and Commonwealth will have adequate notice of the legal theories being advanced...' *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978). The opinion summarizes the reasoning of the requirement of the Rule, suggesting that it '... enhances the quality of review; encourages professional advocacy; discourages pursuit of frivolous claims; and promotes judicial economy.'

The arguments of Defendant presented by way of written Brief are not contained within the Motions for New Trial or In Arrest of Judgment. We, therefore, feel constrained to dismiss the Motions for Defendant's failure to comply with the dictates of Pennsylvania Rule of Criminal Procedure 1123(a).

Lower ct. op. at 1–3.

We agree with Judge Wright.[1]

Judgment of sentence affirmed.

POPOVICH, J., concurs in the result.

---

1. See also *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979), wherein the Supreme Court held that "sixty days after the filing of this opinion, only those issues included in post-verdict motions will be considered preserved for appellate review." *Id.*, 486 Pa. at 198–99, 404 A.2d at 1298.