J-S43045-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| IN REF: A.L.H., A MINOR | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| APPEAL OF: J.H., SR., FATHER | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : No. 428 WDA 2018 |

Appeal from the Order January 25, 2018
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000019-2017

| | |
|---|---|
| IN RE:: H.A.H., A MINOR | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| APPEAL OF: J.H., SR., FATHER | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : No. 429 WDA 2018 |

Appeal from the Order January 25, 2018
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000018-2017

| | |
|---|---|
| IN RE: L.J.H., A MINOR | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| APPEAL OF: J.H., SR., FATHER | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : No. 430 WDA 2018 |

Appeal from the Order January 25, 2018
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000017-2017

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

CONCURRING STATEMENT BY DUBOW, J.:     FILED DECEMBER 28, 2018

Although I agree with the Majority Opinion that the decision in In re Adoption of T.M.L.M., 184 A.3d 585 (Pa. Super. 2018), requires us to raise sua sponte the issue of a conflict between a Guardian ad litem ("GAL") and Child Advocate, I write to express my disagreement with the legal analysis in that case. The Superior Court panel in that case relied on a recent Supreme Court case; that case, as well as a subsequent Supreme Court case, however, did not address, let alone authorize, the Superior Court to raise the conflict issue sua sponte.[1]

It is axiomatic that an appellate court may not raise an issue sua sponte, except when the issue addresses the subject-matter jurisdiction of the court. In re Angeles Roca First Judicial Dist. Philadelphia Cty., 173 A.3d 1176, 1197 (Pa. 2017) ("It is foundational that jurisdictional questions may be raised sua sponte."); Commonwealth v. Parker, 173 A.3d 294, 296 (Pa. Super. 2017) ("A court may consider the issue of jurisdiction sua sponte.").

In fact, our Supreme Court has specifically prohibited the Superior and Commonwealth Courts from deciding certain issues sua sponte. For instance, the Superior Court cannot address constitutional issues sua sponte. See Wiegand v. Wiegand, 337 A.2d 256, 257 (Pa. 1975) (criticizing the Superior

_____

[1] When an appellate court raises an issue that the parties did not raise before the trial court or the appellate court, the appellate court is raising the issue "nostra sponte," as opposed to "sua sponte" because the appellate court sits in multi-judge panels. Black's Law Dictionary (10th ed. 2014). For the sake of convenience, however, we will use the term "sua sponte" because the cases that address this issue for appellate courts consistently use this term.

Court's sua sponte consideration of a constitutional issue, which "exceeded its proper appellate function of deciding controversies presented to it.").

Similarly, the intermediate appellate courts may not consider sua sponte standing and recusal issues. See In re Nomination Petition of deYoung, 903 A.2d 1164, 1168 (Pa. 2006) (noting that our Supreme Court "has consistently held that a court is prohibited from raising the issue of standing sua sponte. Whether a party has standing to maintain an action is not a jurisdictional question."); Commonwealth v. Whitmore, 912 A.2d 827, 833 (Pa. 2006) (concluding that the Superior Court erred when it sua sponte removed the trial judge where recusal had never been raised by the parties). See also Fallaro v. Yeager, 528 A.2d 222, 228 (Pa. Super. 1987) (finding that a court may not make a sua sponte determination of dependency in a custody action where no dependency petition has been filed or in an action under the Child Protective Services Law).

The Supreme Court disfavors the intermediate appellate court's consideration of issues sua sponte because it is more important to respect orderly judicial decision-making, afford counsel the opportunity to brief and argue issues, permit the court to benefit from counsel's advocacy, and uphold issue preservation rules. Wiegand, supra.

There are, however, a few discrete, limited non-jurisdictional issues that the Supreme Court has authorized the lower courts to raise sua sponte, such as waiver as a result of various briefing defects. See, e.g., Commonwealth v. Passaro, 476 A.2d 346, 348 (Pa. 1984) (describing Pennsylvania's practice

of dismissing pending appeals of escaped prisoners, which the court may do sua sponte); Berg v. Nationwide Mut. Ins. Co., Inc., 6 A.3d 1002, 1015 (Pa. 2010) ("failure to include issues in a Rule 1925(b) statement resulted in 'automatic' waiver, which could be found sua sponte by courts.").

Similarly, the Superior Court has found that it has the authority to consider sua sponte the failure of the trial court to conduct a Grazier hearing to ensure that a defendant has knowingly and voluntarily waived his right to counsel for his first PCRA petition. Commonwealth v. Stossel, 17 A.3d 1286, 1290 (Pa. Super. 2011). This Court based this conclusion on the fact that the PCRA statute entitles an indigent defendant to counsel for his first PCRA petition, and our Supreme Court has acknowledged that "PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." Id. (quoting from Commonwealth v. Albrecht, 720 A.2d 693, 699 (Pa. 1998)).

Although our Supreme Court has authorized the appellate courts to raise sua sponte the issues above, it has not authorized Superior Court to raise sua sponte the issue of whether a GAL representing a child in a termination hearing has a conflict in such representation. The most recent Pennsylvania Supreme Court cases addressing the trial court's statutory obligation to appoint legal counsel, as opposed to a GAL, for a child in a termination hearing pursuant to 23 Pa.C.S. § 2313(a) do not involve situations in which Superior Court raised the issue sua sponte.

In In re Adoption of L.B.M., 161 A.3d 172 (Pa. 2017), the parents first raised the issue of a conflict with the trial court. Similarly, in In re T.S., 192 A.3d 1080 (Pa. 2018), the parents raised the issue of a conflict for the first time in Superior Court. Since the parents raised the conflict issue before either the trial court or Superior Court, there was no reason for the Supreme Court to address whether Superior Court can raise the conflict issue sua sponte. Thus, at this point, the Supreme Court has not authorized Superior Court to raise the conflict issue sua sponte.

With these principles in mind, I will address the reasons why I disagree with the holding in T.M.L.M. The panel in this case relied upon In re K.J.H., 180 A.3d 411 (Pa. Super. 2018), in which Superior Court raised sua sponte the issue of whether the trial court violated Section 2313(a) by failing to appoint any counsel for the Child in a termination hearing. Id. at 413. We reasoned that since the child had no counsel at the termination hearing and Section 2313(a) requires the appointment of counsel, Superior Court should raise the issue sua sponte in order to protect this statutorily mandated right of the child. Id.

Despite the clear focus of In re K.J.H., a different panel of the Superior Court expanded the court's authority by interpreting Section 2313(a) to require us to consider sua sponte whether a GAL has a conflict in a termination case. T.M.L.M., 184 A.3d at 588. I disagree with this expansion of Superior Court's authority.

As an initial matter, the panel in T.M.L.M. relied upon the language of Section 2313(a) that provides that "[t]he court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents." 23 Pa.C.S. § 2313(a). The trial court stated on the record that the appointment of the GAL for the termination hearing complied with L.B.M. and, thus, Section 2313(a). T.M.L.M., 184 A.3d at 588. Although no party on appeal contested this finding of the trial court, Superior Court sua sponte reviewed the record, reversed the order terminating the mother's parental rights, and remanded the case for further proceedings. Id. at 590.

This analysis presumes that every GAL has a conflict and Superior Court must delve into the record in every case to make sure that a GAL does not have a conflict. Since a GAL, like any other lawyer, however, has a professional responsibility to address a conflict of interest, there is no legal basis to treat a GAL differently from any other attorney and ensure that the GAL does not have a conflict.[2] See Rule of Professional Conduct 1.7.

Additionally, the cases upon which the T.M.L.M. panel relied are distinguishable. It relied upon L.B.M., supra. However, as discussed above, the Supreme Court in L.B.M. had no reason to address whether Superior Court

_____

[2] As Superior Court judges, we occasionally observe in the record instances in which counsel has not met all of its responsibilities, whether by waiving issues or not understanding the law. That inadequacy alone is not a reason for Superior Court to address sua sponte that lawyer's actions or inactions and then reverse the trial court.

- 6 -

can address the conflict issue sua sponte. The Supreme Court merely addressed whether the mandates of Section 2313(a) were met when a GAL represented a child. L.B.M., 161 A.3d at 180.

The panel in T.M.L.M. also relied upon two other cases to support its position that Superior Court can raise the conflict issue sua sponte: In re X.J., 105 A.3d 1 (Pa. Super. 2014), and Stossel, supra. I find both of those cases distinguishable.

In X.J., the Superior Court raised the issue of the trial court's failure to appoint counsel for the mother at the termination hearing in the context of the filing by mother's counsel of a Motion to Withdraw as Counsel and an Anders[3] brief averring that mother has no meritorious issues to raise on appeal. When a lawyer files an Anders brief, the Superior Court is obligated, first, to ensure that the lawyer has met certain requirements and, then, to make an independent review of the trial court proceedings to determine whether counsel has failed to raise any arguable claims on the merits. Commonwealth v. Yorgey, 188 A.3d 1190 (Pa. Super. 2018). In other words, the Superior Court is obligated to review the record and raise any meritorious issues that counsel missed. We are not, however, authorized to decide such issues.

In Stossel, supra, the trial court had appointed no counsel for the defendant for his first PCRA petition. Pa.R.Crim.P. 904(C) requires the

_____

[3] Anders v. California, 386 U.S. 738 (1967).

appointment of counsel for a first PCRA petition. As noted above, because the right to counsel on a first PCRA is mandated, this Court is required to raise the issue sua sponte. T.M.L.M is distinguishable because the trial court had appointed a GAL and thus, the trial court had followed the mandates of Section 2313(a).

In conclusion, there is no legal authority that permits the Superior Court to raise sua sponte a non-jurisdictional issue, i.e., the issue of whether the GAL already representing the Child has a conflict. If the Supreme Court has prohibited us from deciding sua sponte constitutional issues and issues involving standing and the recusal of a trial court judge, we should not, without approval from the Supreme Court, extend our authority to cases in which the child is already represented by a GAL who has a professional responsibility to address a conflict. It would, thus, be helpful for the Pennsylvania Supreme Court to provide us with guidance in this area.