J-E02009-18

2019 PA Super 48

| | | |
|---|---|---|
| IN THE INTEREST OF: S.U., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: R.U., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 888 MDA 2017 |

Appeal from the Orders Entered May 4, 2017
In the Court of Common Pleas of Lancaster County Juvenile Division at
No(s): CP-36-DP-0000083-2017

BEFORE: GANTMAN, P.J., BENDER, P.J.E., PANELLA, J., SHOGAN, J., LAZARUS, J., STABILE, J., DUBOW, J., NICHOLS, J., and McLAUGHLIN, J.

CONCURRING STATEMENT BY DUBOW, J.:        **FILED FEBRUARY 21, 2019**

I agree with the Majority Opinion that Father failed to appear at a hearing and thus, lost his right to representation by counsel. I write separately, however, because we are raising this issue *sua sponte*.[1] Although the Supreme Court has not authorized us to raise *sua sponte* the issue of whether a parent is represented by counsel during dependency hearings, the right to counsel is statutorily mandated and the Superior Court should ensure that the trial court follows that mandate. Thus, the Superior Court should have the authority to raise *sua sponte* the failure of the trial court to do so.

_____

[1] When an appellate court raises an issue that the parties did not raise before the trial court or the appellate court, the appellate court is raising the issue "***nostra sponte***," as opposed to "*sua sponte*" because the appellate court sits in multi-judge panels. Black's Law Dictionary (10th ed. 2014). For the sake of convenience, however, we will use the term "*sua sponte*" because the cases that address this issue for appellate courts consistently use this term.

It is axiomatic that an appellate court may not raise an issue *sua sponte*, except when the issue addresses the subject-matter jurisdiction of the court. ***In re Angeles Roca First Judicial Dist. Philadelphia Cty.***, 173 A.3d 1176, 1197 (Pa. 2017) ("It is foundational that jurisdictional questions may be raised *sua sponte*."); ***Commonwealth v. Parker***, 173 A.3d 294, 296 (Pa. Super. 2017) ("A court may consider the issue of jurisdiction *sua sponte*.").

In fact, our Supreme Court has specifically prohibited the Superior and Commonwealth Courts from deciding certain issues *sua sponte*. For instance, the Superior Court cannot address constitutional issues *sua sponte*. ***See Wiegand v. Wiegand***, 337 A.2d 256, 257 (Pa. 1975) (criticizing the Superior Court's *sua sponte* consideration of a constitutional issue, which "exceeded its proper appellate function of deciding controversies presented to it.").

Similarly, the intermediate appellate courts may not consider *sua sponte* standing and recusal issues. ***See In re Nomination Petition of deYoung***, 903 A.2d 1164, 1168 (Pa. 2006) (noting that our Supreme Court "has consistently held that a court is prohibited from raising the issue of standing *sua sponte*."); ***Commonwealth v. Whitmore***, 912 A.2d 827, 833 (Pa. 2006) (concluding that the Superior Court erred when it *sua sponte* removed the trial judge where recusal had never been raised by the parties). ***See also Fallaro v. Yeager***, 528 A.2d 222, 228 (Pa. Super. 1987) (finding that a court may not make a *sua sponte* determination of dependency in a custody action where no dependency petition has been filed or in an action under the Child Protective Services Law).

The Supreme Court disfavors the intermediate appellate court's consideration of issues *sua sponte* because it is more important to respect orderly judicial decision-making, afford counsel the opportunity to brief and argue issues, permit the court to benefit from counsel's advocacy, and uphold issue preservation rules. **Wiegand**, **supra**.

There are, however, a few discrete, limited non-jurisdictional issues that the Supreme Court has authorized the appellate courts to raise *sua sponte*, such as waiver as a result of various briefing defects. **See**, **e.g.**, **Commonwealth v. Passaro**, 476 A.2d 346, 348 (Pa. 1984) (describing Pennsylvania's practice of dismissing pending appeals of escaped prisoners, which the court may do *sua sponte*); **Berg v. Nationwide Mut. Ins. Co., Inc.**, 6 A.3d 1002, 1015 (Pa. 2010) ("failure to include issues in a Rule 1925(b) statement resulted in 'automatic' waiver, which could be found *sua sponte* by courts.").

Additionally, the Superior Court has held that it has the authority to raise *sua sponte* the failure of the trial court to appoint **any** counsel for a child in a termination hearing because 23 Pa.C.S. § 2313(a) mandates that the trial court appoint counsel for a child in a termination hearing. **In re K.J.H.**, 180 A.3d 411 (Pa. Super. 2018).

Similarly, the Superior Court has found that it has the authority to consider *sua sponte* the failure of the trial court to conduct a **Grazier** hearing to ensure that a defendant has knowingly and voluntarily waived his right to counsel for his first PCRA petition. **Commonwealth v. Stossel**, 17 A.3d

1286, 1290 (Pa. Super. 2011). This Court based this conclusion on the fact that the PCRA statute entitles an indigent defendant to counsel for his first PCRA petition, and our Supreme Court has acknowledged that "PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Id.* (quoting from **Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1998)).[2]

Applying these principles to a dependency hearing, it is important to note that the Juvenile Act authorizes the appointment of counsel in dependency cases when a parent cannot afford counsel and appears at a hearing. In particular, Section 6337 of the Juvenile Act provides that "**a party is entitled to representation by legal counsel at all stages of any proceedings under this chapter** and if he is without financial resources or otherwise unable to employ counsel, to have the court provide counsel for him." 42 Pa.C.S. § 6337 (emphasis added). Section 6337, however, has an exception for parties other than children, when it provides "if a party . . . appears at a hearing without counsel the court shall ascertain whether he knows of his right thereto and to be provided with counsel by the court, if

_____

[2] Although a three judge panel of Superior Court has held that Superior Court can raise *sua sponte* the issue of whether a *Guardian ad Litem* in a termination hearing has a conflict, it has done so without the authorization of the Supreme Court. In two recent Supreme Court decisions in this area, the parties had raised the issue of a conflict before the trial court or Superior Court. Thus, the Supreme Court, although acknowledging the importance that a GAL not have a conflict, did not authorize, let alone mention, that Superior Court may raise the conflict issue *sua sponte*. **In re Adoption of L.B.M.**, 161 A.3d 172 (Pa. 2017); **In re T.S.**, 192 A.3d 1080 (Pa. 2018)

applicable." *Id.* Since the legislature has authorized the appointment of counsel, it has determined the importance of counsel at dependency hearings when parents appear. We should, therefore, ensure that the trial court follows the legislative mandate and address the issue, even if the parties do not raise it.

I note, however, that our right to ensure that the trial court appoints counsel goes no further than the appointment itself. We should not have the authority to address *sua sponte* the adequacy of that representation.

President Judge Emeritus Bender, Judge Panella, Judge Lazarus and Judge McLaughlin join the concurring statement.