J-A06008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HARRY SCHMIDT AND GARY SCHMIDT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ROBERT ROSIN, INDIVIDUALLY AND AS ROBERT ROSIN, ESQ. | |
| Appellee | No. 1310 EDA 2019 |

Appeal from the Order Entered April 2, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2017-28489

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.                    Filed: June 10, 2021

This appeal is on limited remand from our Supreme Court for consideration of whether one of the Appellants, Gary Schmidt ("Gary"), raised and preserved a contract-based theory of malpractice against Appellee, Robert Rosin, Esquire. We conclude that Gary waived his right to raise a contract-based theory of malpractice against Appellee. Accordingly, we affirm the dismissal of Gary's claims and remand to the trial court solely for further proceedings on the claims of the other Appellant, Harry Schmidt ("Harry") against Appellee for negligent representation.

Appellants' Second Amended Complaint ("SAC") identifies Harry and Gary as father and son who live at the same address in Jamison, Pennsylvania. SAC, ¶¶ 1-2. From 1965 until 2017, Appellee represented Harry for various

_____

[*] Former Justice specially assigned to the Superior Court.

legal matters. From 1967 until 2015, Harry had a business, H&R Industries, Inc. ("H&R"), and Appellee handled H&R's legal matters. *Id.* at ¶¶ 7-8.

The title page of the SAC states that Appellants' action is for "professional negligence." The SAC alleges in a single count that Appellee was negligent in two respects. First, Appellee provided negligent representation in an action brought by Bollard & Associates against Harry and H&R for past due sales commissions ("Bollard I"). Appellee entered his appearance in Bollard I on behalf of Harry and H&R (but not Gary). On October 29, 2015, a verdict was entered in favor of Bollard and against Harry and H&R in the amount of $402,815.73. On February 9, 2016, the trial court molded the verdict and entered judgment against Harry and H&R in the amount of $405,984.07.[1] According to the SAC, Appellee "negligently handled" Bollard I by "failing to challenge the claimed damages and causing and resulting in an excessive judgment." SAC, ¶ 27(b).

Second, the SAC alleges that in 2003, as Harry approached age 65, he requested Appellee to transfer all of his assets to Gary for estate planning purposes. *Id.* at ¶ 15. In April 2010, following Harry's hospitalization for

---

[1] The SAC does not mention that Harry (but not H&R) appealed the judgment to this Court at No. 1038 EDA 2016. Nevertheless, we take judicial notice of this prior appeal under the precept that a court may take judicial notice of other proceedings involving the same parties. *Hvizdak v. Linn*, 190 A.3d 1213, 1218 n.1 (Pa. Super. 2018). In a memorandum decision entered on October 24, 2017, this Court affirmed the judgment against Harry. We held that the evidence was sufficient to establish that Harry promised to pay a debt that H&R owed to Bollard, notwithstanding Harry's testimony denying that he made any personal guarantee.

illnesses, Harry "continued to make his estate planning requests to [Appellee]," and Appellee "agreed and promised" to handle these requests. *Id.* at ¶ 16. In 2016, while Bollard I was pending, Appellee prepared documents transferring Harry's real estate and business interests in a partnership, PA Associates, to Gary. *Id.* at ¶¶ 23-24. In December 2017, Bollard filed an action against Appellants and Appellee alleging fraudulent transfer of Harry's assets in violation of Pennsylvania's Uniform Fraudulent Transfer Act[2] ("Bollard II"). *Id.* at ¶ 25. As a result of Bollard II, Appellants entered into an agreement to satisfy the judgment in Bollard I in the amount of approximately $400,000.00. *Id.* at ¶ 26. The SAC alleges that Appellee was negligent for "failing to transfer the assets from [Harry] to [Gary] when requested." *Id.* at ¶ 27(a).

Based on these averments, the SAC alleges a single count of professional negligence against Rosin. *Id.* at ¶ 27. The SAC does not accuse Rosin of breach of contract.

Appellants commenced this action via writ of summons and filed a complaint on September 7, 2018. Appellee filed preliminary objections to the complaint asserting, *inter alia*, that Appellants failed to state a cause of action. Appellants filed an amended complaint. In response, Appellee again filed preliminary objections. On January 8, 2019, Appellants filed the SAC. Once again, Appellee filed preliminary objections. Appellants filed an answer to

---

[2] 12 Pa.C.S.A. §§ 5101-5114 (referred to herein as "the PUFTA").

preliminary objections claiming that the SAC stated a "claim for legal malpractice in negligence." Memorandum In Opposition To Preliminary Objections To SAC, at 3. Appellants did not argue in their answer to preliminary objections that the SAC stated a claim against Appellee for breach of contract.

On April 2, 2019, the trial court sustained Appellee's preliminary objections and dismissed the SAC for failing to state a cause of action. Appellants filed a timely appeal, and the trial court issued a Pa.R.A.P. 1925 opinion without ordering Appellants to file a statement of matters complained of on appeal.

In this Court, citing **Kituskie v. Corbman**, 714 A.2d 1027 (Pa. 1998), Appellants argued that the SAC stated a cause of action against Appellee for professional negligence. Appellants' Brief at 10-13. Appellants' brief did not mention the terms "contract" or "third party beneficiary." Nor did their brief argue that the SAC stated an action for breach of contract.

In a memorandum issued on July 8, 2020, this Court affirmed in part, vacated the order of dismissal in part, and remanded for further proceedings. With regard to Bollard I, we held that Harry, but not Gary, alleged a valid cause of action for legal malpractice in the SAC. With regard to Bollard II, we held that (1) Harry alleged a valid cause of action for legal malpractice, (2) Gary had a right of action against Appellee for breach of contract as a third party beneficiary of the agreement between Appellee and Harry.

- 4 -

Appellee filed a petition for allowance of appeal with our Supreme Court. On April 7, 2021, the Supreme Court granted Appellee's petition on a limited basis. The Court ordered that

> the Superior Court's order is **VACATED** to the extent that it revived the dismissed claim of legal malpractice asserted on behalf of Gary [], and the matter is **REMANDED** for consideration of whether [Appellants] raised and preserved a contract-based theory consistent with the requirements stated in ***Steiner v. Markel***, 968 A.2d 1253 (Pa. 2009). The petition for allowance of appeal is DENIED in all other respects, albeit without prejudice to [Appellee's] ability to raise his arguments under ***Guy v. Liederbach***, 459 A.2d 744 (Pa. 1983), and ***Estate of Agnew v. Ross***, 152 A.3d 247 (Pa. 2017), in a subsequent petition for allowance of appeal, should the issue preservation issue be decided adversely to him.

***Schmidt v. Rosin***, 248 A.3d 415 (Pa. 2021). The Supreme Court's order limits our review to a single issue: whether, under ***Steiner***, Gary raised and preserved an action for breach of contract against Appellee with regard to Bollard II. The Court left intact our rulings that Harry alleged valid causes of action with regard to Bollard I and II and that Gary failed to state a valid cause of action with regard to Bollard I.

In ***Steiner***, the plaintiffs filed suit against an attorney and his law firm ("attorneys") that represented them in the purchase of real estate. The plaintiffs alleged in their complaint that (1) the attorney erroneously described the property in the deed he prepared, (2) the error was not discovered until after closing, and (3) as a result of the error, the plaintiffs were sued by the sellers of the property. The complaint asserted claims of professional

malpractice, third party beneficiary, and breach of duty of good faith and fair dealing. The complaint did not include a claim described as a breach of contract claim. The language of the count for professional malpractice tracked the requirements for a tort legal malpractice claim.

The attorneys filed preliminary objections to the complaint. The plaintiffs filed a petition to amend the complaint in which they neither argued that Count I was based in contract nor sought leave to add a claim for breach of contract. Subsequently, the plaintiffs agreed to strike Count III of the complaint for breach of good faith.[3]

The attorneys filed an answer and new matter to the complaint, asserting the affirmative defense that the two-year statute of limitations applicable to tort claims, 42 Pa.C.S.A. § 5524, barred the plaintiffs' professional malpractice claim. Next, the attorneys filed a motion seeking judgment on the pleadings based on the two-year statute of limitations. The trial court granted judgment on the pleadings and dismissed Count I on the ground that it was barred by the two-year statute.[4]

_____

[3] While the opinion in **Steiner** is not explicit on this point, it appears that the plaintiffs' agreement to strike this count functioned as a resolution of the attorneys' preliminary objections and the plaintiffs' petition to amend.

[4] The court also dismissed Count II of the complaint, the third party beneficiary claim. Thereafter, the plaintiffs abandoned this claim.

The plaintiffs moved for reconsideration on the ground that the statute was tolled by the attorneys' concealment of their wrongdoing. The plaintiffs did not argue that Count I alleged breach of contract. The trial court denied the motion for reconsideration.

The plaintiffs appealed to this Court and filed a Pa.R.A.P. 1925 statement claiming that the two-year statute of limitations was tolled as a result of the attorneys' actions. The Rule 1925 statement did not assert that their professional malpractice claim was or involved a breach of contract claim. This Court held that the attorneys' conduct did not toll the statute. Nevertheless, we reversed and remanded the case, holding that the complaint stated a timely claim for breach of contract. While we acknowledged that the plaintiffs did not expressly argue that their complaint included a claim for breach of contract, we held that the complaint stated a claim for breach of contract by alleging that "[a]t closing, the [plaintiffs] also paid a fee to [the attorneys] for 'services' allegedly rendered by attorney Markel." *Id.*, 968 A.2d at 1256, 1257.

The Supreme Court reversed and reinstated the trial court's order granting judgment on the pleadings to the attorneys. The Court reasoned that the plaintiffs never alleged breach of contract in their complaint nor requested leave to amend their complaint to assert this claim. The arguments that the plaintiffs advanced showed that they regarded Count I of the

complaint as a tort claim. Consequently, the plaintiffs waived their right to argue on appeal that Count I was a contract claim. ***Id.*** at 1258.

The Court continued that the Superior Court should not have searched the complaint to find a contract claim that the plaintiffs themselves did not raise:

> As justification for searching the Complaint to find a viable cause of action, the Superior Court relied upon Rules of Civil Procedure 1019 and 126. Rule 1019(a) provides that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). We have construed this rule to mean that the complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim. ***See Landau v. Western Pa. Nat'l Bank***, [] 282 A.2d 335, 341 ([Pa.] 1971) (noting that the purpose of Rule 1019(a) is to require the plaintiff to disclose sufficient facts to enable the adverse party to prepare his case). Pursuant to Rule 126, the Rules are to be liberally interpreted. Pa.R.C.P. 126.
>
> Rules 1019(a) and 126 do not support the Superior Court's action. The [plaintiffs] here simply did not plead facts sufficient to apprise the [a]ttorneys that the [plaintiffs] intended to allege a cause of action grounded in contract. Although the [plaintiffs] generally argued that the Complaint was valid and contained a timely claim, the [plaintiffs] never said, argued or wrote that their Complaint contained a breach of contract claim. Instead, the [plaintiffs] asked the appellate courts to scour the Complaint for any and all causes of action. Pennsylvania law does not support such an obligation, which would create a moving target for the courts and litigants. If the [plaintiffs] themselves do not know what their cause of action is, the [a]ttorneys cannot reasonably respond to it.
>
> The courts should not recast a pleading in a way not intended by the parties. In ***Wiegand [v. Wiegand***, 337 A.2d 256 (Pa. 1975)], this Court noted that when a court decides issues *sua sponte*, it exceeds its proper appellate function and unnecessarily disturbs the processes of orderly judicial decisionmaking. 337 A.2d at 257.

- 8 -

*Id.* at 1259-60.

Under ***Steiner***, the complaint not only must plead facts sufficient to state a cause of action, but it must also "apprise the defendant of the claim being asserted." ***Id.*** at 1260. Failure to satisfy either requirement will result in waiver of the claim. ***Id.*** In the present case, the SAC fulfills the first requirement but not the second. As we discussed in our prior memorandum, the SAC alleges facts which, if proved, provide Gary with a right of action against Appellee for breach of contract as a third party beneficiary of the agreement between Appellee and Harry. ***Schmidt v. Rosin***, 2020 WL 3866052, \*4-5 (Pa. Super., Jul. 8, 2020). But while the SAC pleads facts that make out a third party beneficiary claim, it fails to assert that Gary is proceeding against Appellee on a third party beneficiary claim. The SAC merely accuses Appellee of professional negligence, not breach of contract or breach of Gary's rights as a third party beneficiary. Nor do Appellants allege breach of contract in their answer to Appellee's preliminary objections to the SAC. Once again, they merely argue that Appellee is liable for negligence. Thus, Gary has waived his right to proceed against Appellee under the theory that he is a third party beneficiary to a contract between Harry and Appellee. ***Steiner***, 968 A.2d at 1260.

Furthermore, the Supreme Court's April 7, 2021 order identifies a second, independent ground for finding waiver: Appellants' failure to argue in

their Superior Court brief that Appellee is liable for breach of contract. As the Court observes:

> The central holding of **Steiner** was that plaintiffs would not be permitted to pursue a contract-based theory on appeal in a legal malpractice action, where the intention to purse relief based on contract principles was not properly developed and preserved. **See Steiner**, 968 A.2d at 1260. And significantly, a sufficient treatment of an issue in an appellant's brief is an essential component of issue preservation. **See**, **e.g.**, **Commonwealth v. Johnson**, [] 985 A.2d 915, 924 ([Pa.] 2009) (explaining that, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").
>
> Here, in [Appellants'] brief to the Superior Court . . . they relied upon [**Kituskie**] in setting forth the elements of the cause of action pursued in the operative pleading (a second amended complaint) . . . Under **Steiner**, the elements set forth in **Kituskie** are deemed to frame an action grounded in tort and not in contract. **See Steiner**, 968 A.2d at 1255 (also citing **Kituskie**). Furthermore, [Appellants'] Superior Court brief does not mention the terms "contract" or "third-party beneficiary."

**Schmidt**, 248 A.3d at 415.

For these reasons, we are constrained to conclude that Gary neither raised a claim against Appellee in the SAC for breach of contract nor preserved this issue for appeal in Appellants' Superior Court brief. Accordingly, we affirm the trial court's order to the extent that it dismissed Gary's claims against Appellee. We vacate the trial court's order to the extent that it dismissed Harry's claims against Appellee for professional negligence.

Order affirmed in part and vacated in part. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/21