J-S11018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE A. ALFORD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEIL J. HAMBURG | : | No. 2826 EDA 2018 |

Appeal from the Decree Entered August 20, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 16-06997

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 21, 2019**

Michelle A. Alford (Wife) appeals from the decree in divorce incorporating the master's report and recommendation as to equitable distribution of the parties' marital estate.  We affirm.

Wife and Neil J. Hamburg (Husband) appeared before an equitable distribution master, who after conducting a hearing, issued a report and recommendation as to equitable distribution on March 5, 2018.  Wife filed timely exceptions and the trial court scheduled the matter for a one-day hearing.  In the interim, the trial court ordered the parties to file briefs, received a motion *in limine* from Husband regarding expert testimony and sanctions, conducted an in-chambers conference, heard oral argument on the record, and ordered additional "letter briefs."  On August 9, 2018, the trial court dismissed Wife's exceptions on the basis that Wife failed to comply with Pennsylvania Rule of Civil Procedure 1920.33 (concerning joinder of related

claims, equitable distribution and enforcement) and adopted the master's report and recommendation as a final order of equitable distribution. Wife filed a motion for reconsideration which was denied by operation of law. A final decree in divorce was entered on August 20, 2018. Wife filed this timely appeal.

On appeal, Wife challenges the trial court's dismissal of her exceptions to the master's report, and specifically assails the trial court's decisions relating to Rule 1920.33 of the Pennsylvania Rules of Civil Procedure. Wife states her issues as follows:

> 1. Whether the [t]rial [c]ourt committed an error of law and an abuse of discretion in limiting [Wife]'s testimony and precluding [Wife]'s expert witness from testifying pursuant to Rule 1920.33 where Appellee also failed to file his Pre-Trial Statement pursuant to Rule 1920.33.
>
> 2. Whether the [t]rial [c]ourt committed an error of law and abuse of discretion by raising, *sua sponte*, the issue of Rule 1920.33 where neither [Wife] nor [Husband] had brought the same before the [c]ourt.
>
> 3. Whether the [t]rial [c]ourt committed an error of law and abuse of discretion by requiring the parties to file written briefs before the [c]ourt but failing to inform the parties that the [c]ourt additionally required Pre-Trial Statements pursuant to Rule 1920.33.
>
> 4. Whether the [t]rial [c]ourt committed an error of law and abuse of discretion by imposing strict adherence to Rule 1920.33 where the Scheduling Order did not allow for compliance.
>
> 5. Whether the [t]rial [c]ourt committed an error of law and abuse of discretion by granting [Husband]'s Exceptions to the May 19, 2017 Discovery Order?

6.     Whether the [t]rial [c]ourt committed an error of law and abuse of discretion by granting Husband's Oral Motion *in Limine* and dismissing [Wife]'s Exceptions?

7.     Whether the [t]rial [c]ourt committed an error of law and abuse of discretion by construing the Rules in a manner that penalized [Wife] for a non-prejudicial error?

8.     Whether the [t]rial [c]ourt committed an error of law and abuse of discretion by failing to acknowledge and accept [Wife]'s Asset and Liability Worksheet attached to her written brief while acknowledging that [Husband] had referenced and attached as an Exhibit to his brief the Master's Recommendation and Report in lieu of an inventory?

Wife's Brief at 8-10.

At the outset, we observe that Wife did not raise all eight issues in her Pennsylvania Rule of Appellate Procedure 1925(b) statement. **See** Statement of Matters Complained of on Appeal, 9/5/18. Rather, Wife raised only the first six issues, almost verbatim, that she presents on appeal. **See id.**

It is well-settled that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). This Court recently summarized the prevailing law:

Pa.R.A.P. 1925(b) provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Rule 1925 also states that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In **Commonwealth v. Lord**, [] 719 A.2d 306 ([Pa.] 1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to

Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Lord*, 719 A.2d at 309; *see also Commonwealth v. Castillo,* [] 888 A.2d 775, 780 ([Pa.] 2005) (stating any issues not raised in a Rule 1925(b) statement are deemed waived). This Court has held that "[o]ur Supreme Court intended the holding in *Lord* to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised.'" *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original) (quoting *Commonwealth v. Schofield*, [] 888 A.2d 771, 774 ([Pa.] 2005).

"[I]n determining whether an appellant has waived issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation ... therefore, we look first to the language of that order." *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013).

*U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Tr. Fund v. Hua*,

193 A.3d 994, 996–97 (Pa. Super. 2018).

Wife's seventh and eighth issues are waived. Although the trial court in

this case did not enter an order requesting a Rule 1925(b) statement, Wife

filed her Rule 1925(b) statement contemporaneously with her notice of

appeal. Consequently, the trial court did not have the opportunity or the need

to file such an order. Were we to conclude that Wife did not waive her seventh

and eight issues, it would allow her, and others who contemporaneously file

their Rule 1925(b) statements with the notice of appeal, to circumvent the

issue preservation requirements of Rule 1925(b). We have stated:

It is of no moment that appellant was not ordered to file a 1925(b) statement. Appellant filed his statement contemporaneously with his notice of appeal. Accordingly, there was no need for the trial court to order him to file a 1925(b) statement. If we were to find that because he was not ordered to file a 1925(b) statement, he

- 4 -

has not waived the issues he neglected to raise in it, we would, in effect, be allowing appellant to circumvent the requirements of the Rule.

*Commonwealth v. Snyder*, 870 A.2d 336, 341 (Pa. Super. 2005). Furthermore, even if Wife did not waive her seventh and eighth issues, we would conclude that they are subsumed by Wife's six preserved issues, which are likewise meritless.

Wife's remaining six issues relate to the trial court's dismissal of her exceptions to the master's report and recommendation as to the equitable distribution of marital property. We recognize:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

> Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

*Morgante v. Morgante*, 119 A.3d 382, 386-87 (Pa. Super. 2015) (citations omitted).

With respect to Wife's specific challenges to the trial court's determinations as to Pennsylvania Rule of Civil Procedure 1920.33, there is little authoritative case law. However, we have explained:

> . . . Pa.R.C.P. 1920.33, **Joinder of Related Claims. Distribution of Property. Enforcement** (b)(1) requires each party to file and serve on the appropriate party a pre-trial statement regarding assets of the marriage and pertinent information thereto (within 60 days of the master or court hearing), failing to do so (d)(1) except for good cause shown, shall bar a party from introducing any evidence in support or in opposition to claims for the matters not covered.

*Anderson v. Anderson*, 822 A.2d 824, 828 (Pa. Super. 2003). "It is clear that the rule implicates a filing and inventory of *all marital property by both parties*[.]" *Id.* at 829 (italics in original).

Additionally, we emphasize that "our Supreme Court has recognized that the Rules of Civil Procedure are essential to the orderly administration and efficient functioning of the courts." *Bouchon v. Citizen Care, Inc.*, 176 A.3d 244, 258 (Pa. Super. 2017) (quoting *Womer v. Hilliker*, 908 A.2d 269, 276 (Pa. 2006)). "[W]e expect that litigants will adhere to procedural rules as written, and take a dim view of litigants who flout them." *Id.* (quotations and citation omitted).

Instantly, and upon careful review, it is apparent that the trial court neither erred nor abused its discretion. Moreover, in addressing each of Wife's six issues, the trial court has thoroughly and properly explained why the issues

lack merit. Accordingly, upon review of the parties' briefs and the certified record, and mindful of prevailing legal authority, we conclude that the Honorable Patricia E. Coonahan, sitting as the trial court, has authored a detailed and well-reasoned opinion, dated November 30, 2018, which we adopt as our own in disposing of this appeal.[1]

Decree affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/19

---

[1] The parties shall attach a copy of the November 30, 2018 trial court opinion in the event of further proceedings in this matter.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CIVIL ACTION-LAW**

| | | |
|---|---|---|
| **MICHELLE A. ALFORD** | : | **SUPERIOR COURT**<br>**DOCKET NO.2826 EDA 2018** |
| **v.** | : | **LOWER COURT**<br>**DOCKET NO. 2016-06997** |
| **NEIL J. HAMBURG** | : | |

## OPINION

**COONAHAN, J.**　　　　　　　　　　　　　　　　　　**November 3ᵗʰ, 2018**

### I.FACTUAL AND PROCEDURAL HISTORY:

On February 21, 2018, Plaintiff/Appellant/Wife ("Wife") and Defendant/Appellee/Husband ("Husband") appeared for an Equitable Distribution Hearing before Master Gordon Mair. On March 5, 2018, Master Mair entered his Report and Recommendation Upon Equitable Distribution, Alimony, Counsel Fees and Costs. On March 19, 2018, Wife filed timely Exceptions to the Master's Report and Recommendation. On April 18, 2018[1], the court issued an order directing that the matter be listed for a one (1) day Protracted Hearing. On May 16, 2018[2], the court issued an order scheduling the matter for a one (1) day Protracted Hearing to be held on July 12, 2018 at 9:00 a.m.

On June 5, 2018[3], the court, after failing to receive any filings from the parties regarding the content of the *de novo* Equitable Distribution Exceptions to be heard on July 12, 2018, issued an order directing counsel for the parties to submit

---

[1] Docketed on April 19, 2018.
[2] Docketed on May 17, 2018.
[3] Docketed on June 6, 2018.



2016-06997-0109   12/3/2018 9:30 AM # 12085384
Rcpt#Z3535513 Fee:$0.00 Opinion
Main (Public)
MontCo Prothonotary

hearing briefs to the court at least ten (10) days prior to the scheduled hearing on July 12, 2018.

On June 29, 2018, counsel for Wife, Diana C. Schimmel, Esquire, filed Plaintiff's Brief in Support of Exceptions and Trial De Novo Regarding Equitable Distribution. On June 29, 2018, Counsel for Husband, Saul Levit, Esquire, submitted a Brief in Equitable Distribution.

On July 11, 2018, counsel for Husband filed a Motion in *Limine* to Limit the Testimony of Plaintiff Michelle A. Alford and Preclude Expert Testimony and for Sanctions. Counsel for Husband's Motion in *Limine* requested that the court issue an order precluding Wife and her expert witness from testifying at the July 12, 2018 hearing due to alleged false statement of facts in Wife's pleadings and the fact that Wife had not provided Husband with an expert report for the expert she planned to have testify at the July 12, 2018 hearing. At a conference in chambers and during an oral argument on the record, the court, *sua sponte,* raised the question of compliance with Pa.R.C.P. 1920.33. Upon the court raising the issue of compliance with Pa.R.C.P. 1920.33, counsel for Husband made an oral motion to dismiss Wife's Equitable Distribution Exceptions due to her failure to comply with Pa.R.C.P. 1920.33.

Following an oral argument on July 12, 2018, the court issued an order taking the matter under advisement and directing counsel for the parties to submit letter briefs to the court within seven (7) days from the date of that order. The order further allowed for counsel for Husband to respond to counsel for Wife's letter brief within three (3) days of its filing. Counsel for Wife and counsel for Husband filed their respective letter briefs on July 19, 2018.

2

On August 7, 2018[4], the court entered an order granting Husband's Motion in *Limine* to limit the testimony of Wife and prohibit Wife's expert witness from testifying altogether. The court further stated that pursuant to Pa.R.C.P. 1920.33 and Pa.R.C.P. 4019(c) (3), Plaintiff's March 19, 2018 Exceptions to Recommendation of Equitable Distribution Master Report of March 5, 2018 were dismissed. The court concluded by stating that The Master in Equitable Distribution's Report of March 5, 2018 is the final order in equitable distribution in this matter and was to be followed by the parties.

On August 14, 2018, counsel for Wife filed a Motion for Reconsideration of the court's order of August 7, 2018. The court did not address this Motion for Reconsideration within thirty (30) days, therefore, the Motion for Reconsideration was denied by operation of law pursuant to Pa.R.C.P. 1930.2.

On August 17, 2018[5], the court issued a final Decree in Divorce, incorporating the "terms, conditions and provisions of the Master in Equitable Distribution's Report of March 5, 2018."

On September 5, 2018, counsel for Wife filed a Notice of Appeal of the August 7, 2018 non-final order regarding Husband's Motion in *Limine* and the court's August 17, 2018 Divorce Decree. On September 5, 2018, counsel for Wife filed a Statement of Matter's Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) stating as follows:

1. **The Court committed an error of law and an abuse of discretion in limiting Appellant's testimony and precluding Appellant's expert witness from testifying pursuant to Rule 1920.33 where Appellee also failed to file his Pre-Trial Statement pursuant to Rule 1920.33.**

---

[4] Docketed on August 9, 2018.
[5] Docketed on August 20, 2018.

3

a. Under Rule 1920.33 *both* parties are required to file an inventory and a pretrial statement. See Pa.R.C.P. 1920.33. In the seminal case of *Anderson v. Anderson*, 2003 Pa. Super. 152, 822 A. 2d 824 (Pa. Super. 2003), the Superior Court held that where both parties failed to include certain property in their pretrial statements one party could not inure the benefit of the other party's failure to comply when the benefitting party also had "unclean hands." *Anderson v. Anderson*, 2003 Pa. Super. 152, 822 A. 2d 824 (Pa. Super. 2003) (emphasis added).

b. Because *neither* party filed a Pre-Trial Statement Rule 1920.33 "must" be construed "to mean that ... failure of both parties to disclose can only be attributed to the lack of knowledge or unawareness of the true nature of the property, which is sufficient basis for finding good cause shown." See *Welsh v. Welsh*, 2013 Pa. Super. Unpub. LEXIS 2598 (citing *Anderson v. Anderson*, 2003 Pa. Super. 152, 822 A.2d 824 (Pa. Super. 2003) (emphasis added).

c. Moreover, *Anderson* and its' progeny stand for the clear proposition that Appellee should not benefit without penalty where he also failed to comply with Rule 1920.33. Since neither party complied with Rule 1920.33 it was error for the Trial Court to effectively punish Appellant to Appellee's benefit by precluding her testimony and the testimony of her witness resulting in a dismissal of Appellant's Exceptions and, ultimately, the entry of the Decree in Divorce.

d. Appellee's failure to comply with the provisions of Rule 1920.33 operate to "nullif[y] the effect" so as to preclude the Trial Court from sanctioning Appellant for her noncompliance. *Anderson v. Anderson*, 2003 Pa. Super. 152, 822 A. 2d 824 (Pa. Super. 2003). To hold otherwise is to punish Appellant to the benefit of Appellee who effectively escapes being held accountable for his failure to comply with the Rule.

**2. The Court committed an error of law and abuse of discretion by raising, *sua sponte*, the issue of Rule 1920.33 where neither Appellant nor Appellee had brought the same before the Court.**

a. The Court committed an abuse of discretion by raising the issue of Rule 1920.33 *sua sponte* when neither Appellee nor Appellant had raised the same for the Court. As a general proposition, trial courts should not raise issues *sua sponte*. See generally, *Commonwealth v. Waters*, 481 Pa. 85, 98 (Pa. 1980) (citing *Commonwealth v. Branham*, 467 Pa. 605, 359 A. 2d 766 (1976); *Butler Area Sch. D. v. Butler Ed. Ass'n*, 481 Pa. 20, 391 A. 2d 1295 (1978); *In re Duncan Trust*, 480 Pa. 608, 391 A. 2d 1051 (1978); *Weigand v. Weigand*, 461 Pa. 482, 337 A. 2d 256 (1975)).

4

b. In Appellee's Motion in *Limine*, Appellee failed to raise either party's compliance with Rule 1920.33 as an issue before the Trial Court. To wit, Appellee had an affirmative obligation to raise the issue of compliance with Rule 1920.33 for the Trial Court in order for the Trial Court to take action. But Appellee did not raise the issue, because presumably, Appellee had also failed to comply with Rule 1920.33 and/or Appellee reasonably believed that the pre-trial Order entered on June 5, 2018 governed.

c. Because the issue was not before the Trial Court it was error for the Trial Court to raise it *sua sponte* particularly where neither party (a) raised the issue, (b) had complied with the Rule, and (c) each of the parties had both properly submitted their written briefs in accordance with the Pre-Trial Order from June 5, 2018.

d. Moreover, Appellee made oral motion moving to have Appellant's Exceptions dismissed; in his oral motion Appellee cited to Rule 1920.33 only *after* the Trial Court raised the issue *sua sponte*. As such Appellant was unfairly prejudiced by the Trial Court's actions, which effectively provided a basis for Appellee to argue to have the matter dismissed. This operated as just the kind of "gotcha" moment the Superior Court contemplated when finding that one party cannot inure the benefit of the other party's failure to comply with Rule 1920.33 without any sanctions for the benefiting party who also failed to comply. See generally, *Anderson v. Anderson*, 2003 PA Super 152 (Pa. Super. 2003).

3. **The Court committed an error of law and abuse of discretion by requiring the parties to file written briefs before the Court but failing to inform the parties that the Court additionally required Pre-Trial Statements pursuant to Rule 1920.33.**

   a. The parties, pursuant to Montgomery County Local Rule 1920.33f-Initial Hearing Statement-Pre trial Statement-Sanctions, each filed an Initial Hearing Statement prior to an equitable distribution hearing before the Equitable Distribution Master.

   b. Montgomery County Local Rule 1920.33f requires the parties to file a Pre Trial Statement "[n]o later than 20 days prior to the date of any subsequent hearing before the equitable distribution master, each party shall file the pre-trial statement, in the form required by subdivision (b) of this rule." Montgomery County Local Rule 1920.33f does not state that the parties are to file a Pre-Trial Statement prior to the date of a hearing in front of a judge.

   c. The Trial Court, by Order entered on June 5, 2018, required the parties to file briefs ten (10) days in advance of a one (1) day

5

protracted hearing scheduled for July 12, 2018. Said order provided no further directive.

d. Both Appellant and Appellee timely filed their Briefs on June 29, 2018 in compliance with the Trial Court's June 5, 2018 Order.

e. Moreover, the information provided by the parties in their written briefs ostensibly mirrors the information required under Rule 1920.33. That neither party submitted a Pre-Trial Statement operates as evidence that the parties reasonably believed that the Order entered by the Trial Court on June 5, 2018 governed. Put another way, both Appellant and Appellee reasonably believed that the June 5, 2018 Order controlled as evidenced by the fact that they both submitted robust written Briefs pursuant to said Order.

**4. The Court committed an error of law and abuse of discretion by imposing strict adherence to Rule 1920.33 where the Scheduling Order did not allow for compliance.**

a. The matter was first scheduled on May 16, 2018 for a protracted hearing listed for July 12, 2018. As a matter of practical effect neither party would effectively comply with the stringent requirements of Rule 1920.33 even if they had tried since at that time there were only fifty-six (56) days from the date of scheduling to the date of the hearing. This further bolsters Appellant's reasonable contention that the Pre-Trial Order of June 5, 2018 requiring the parties to file briefs controlled. Moreover, the fact, again, that Appellee complied with the June 5, 2018 Order *and not* Rule 1920.33 further supports Appellant's position.

b. Additionally, the parties both fully complied with the requirements of Montgomery County Local Rule 1920.33f. because the parties had throughout the pendency of the proceedings complied with the operative rules, since the Trial Court entered a Pre-Trial Order requiring written briefs, and as a result of the insufficient advance notice for either party to comply with the requirements of Rule 1920.33(b), it is error to hold Appellant to a standard that she could not, through no fault of her own, meet. Because the protracted hearing was held less than sixty (60) days from the date that the same was scheduled Appellant's compliance was rendered impossible.

**5. The Court committed an error of law and abuse of discretion by granting Appellee's Exceptions to the May 19, 2017 Discovery Order.**

a. The Trial Court has also erred by granting Appellee's Exceptions to the May 19, 2017 Discovery Order as it overly prejudiced Appellant by precluding a large and extremely relevant portion of necessary documents for admission. To proceed forward with an Equitable Distribution hearing

6

without such pertinent documents not only overly prejudices Appellant but truncates the Trial Court's ability to fully and fairly weight all factors prior to issuing a ruling.

6. **The Court committed an error of law and abuse of discretion by granting Appellee's Oral Motion in *Limine* and dismissing Appellant's Exceptions.**

a. As aforementioned, Appellant was unduly prejudiced by the Trial Court's action in granting Appellee's Oral Motion in *Limine*. To wit, the Trial Court erred in sanctioning Appellant for actions that were both (a) outside of her control and (b) held Appellant to an unfair standard that effectively rewarded Appellee where both acted in the same manner, particularly where, as articulated in *Anderson*, supra, the rules were intended to provide an even playing filed in the economic dissolution of the marriage. See generally, *Anderson v Anderson*, 2003 PA Super 152 (Pa. Super. 2003).

b. Appellee was in no way prejudiced by Appellant's actions. To wit, Appellee's expert has been involved in the litigation almost since the matter's inception. Appellee had multiple direct interactions with said expert and was familiar with the course and scope of his work. Most, if not all, of the documentation Apellant's [SIC] expert utilized in compiling his findings and purported testimony was directly available to and provided by Appellee. Appellant's expert was merely synthesizing Appellee's directly provided fully accessible information. Moreover, Appellant's expert had been present to testify at prior proceedings and all of the information utilized by the expert is, and has been, abundantly available to Appellee.

c. Lastly, the Trial Court erred in granting Appellee's Oral Motion particularly where the Trial Court had less restrictive alternatives available to it such as continuing the matter and allowing both of the parties adequate time to comply with Rule 1920.33(b). To dismiss Appellant's Exceptions effectively foreclosing her from putting forth an argument was unduly harsh and prejudicial under the circumstances, particularly where Appellee would not have suffered undue harm in simply continuing the matter so that the parties could both be afforded an opportunity to comply.

d. As a general proposition courts should not preclude expert testimony in the absence of prejudice. See generally, *Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567 (1986). In this instance Appellee was not prejudiced where he had effectively had control of all the information reviewed by Appellant's expert, Appellant's expert had been involved in the matter since near its inception, and Appellant had been consistently listed as a witness prior to hearings.

7

On October 15, 2018, counsel for Wife filed an Application for Emergency Relief with the Superior Court of Pennsylvania. On October 16, 2018, the Superior Court of Pennsylvania issued a *Per Curiam* order denying counsel for Wife's October 15, 2018 Application for Emergency Relief, stating that Wife did not successfully demonstrate satisfaction of the requirements for issuance of a stay as set forth in Pa. Public Utility Cmm'n v. Process Gas Consumers Group, 467 A. 2d 805 (Pa. 1983), namely, 1. likely to prevail on the merits of an appeal; 2. without the requested relief, will suffer irreparable injury; 3. the issuance of a stay will not substantially harm other interested parties; and 4. the issuance of a stay will not adversely affect the public interest.

## II. DISCUSSION:

This opinion is filed pursuant to and is in compliance with Pa.R.A.P. 1925(a). The court addresses Wife's matters complained of on appeal *ad seriatim*.

Absent abuse of discretion on the part of the trial court in a divorce action, the Pennsylvania Superior Court will not reverse an award of equitable distribution. Fonzi v. Fonzi, 633 A. 2d 634, 636 (Pa. Super. 1993); Hill v. Hill, 584 A. 2d 1040, 1041 (Pa. Super. 1991). Moreover, when reviewing the record regarding equitable distribution in a divorce action, the Superior Court shall be guided by the fact that trial courts have broad equitable powers to effectuate justice. Fonzi, supra.

1. **The Court committed an error of law and an abuse of discretion in limiting Appellant's testimony and precluding Appellant's expert witness from testifying pursuant to Rule 1920.33 where Appellee also failed to file his Pre-Trial Statement pursuant to Rule 1920.33.**

    a. Under Rule 1920.33 *both* parties are required to file an inventory and a pretrial statement. See Pa.R.C.P. 1920.33. In the seminal case of *Anderson v. Anderson*, 2003 Pa. Super. 152, 822 A. 2d 824 (Pa. Super. 2003), the Superior Court held that where both parties failed to

8

include certain property in their pretrial statements one party could not inure the benefit of the other party's failure to comply when the benefitting party also had "unclean hands." *Anderson v. Anderson*, 2003 Pa. Super. 152, 822 A. 2d 824 (Pa. Super. 2003) (emphasis added).

b. Because *neither* party filed a Pre-Trial Statement Rule 1920.33 "must" be construed "to mean that ... failure of both parties to disclose can only be attributed to the lack of knowledge or unawareness of the true nature of the property, which is sufficient basis for finding good cause shown." See *Welsh v. Welsh*, 2013 Pa. Super. Unpub. LEXIS 2598 (citing *Anderson v. Anderson*, 2003 Pa. Super. 152, 822 A.2d 824 (Pa. Super. 2003) (emphasis added).

c. Moreover, *Anderson* and its' progeny stand for the clear proposition that Appellee should not benefit without penalty where he also failed to comply with Rule 1920.33. Since neither party complied with Rule 1920.33 it was error for the Trial Court to effectively punish Appellant to Appellee's benefit by precluding her testimony and the testimony of her witness resulting in a dismissal of Appellant's Exceptions and, ultimately, the entry of the Decree in Divorce.

d. Appellee's failure to comply with the provisions of Rule 1920.33 operate to "nullif[y] the effect" so as to preclude the Trial Court from sanctioning Appellant for her noncompliance. *Anderson v. Anderson*, 2003 Pa. Super. 152, 822 A. 2d 824 (Pa. Super. 2003). To hold otherwise is to punish Appellant to the benefit of Appellee who effectively escapes being held accountable for his failure to comply with the Rule.

Pa.R.C.P. 1920.33(a)-(a)(1) states that if a pleading or petition raises a claim for equitable division of marital property under the divorce code, the parties are to provide the court and the opposing party with a list of assets and liabilities of the parties prior to trial. Furthermore, Pa.R.C.P. 1920.33(b) states that within the time required by order of court or written directive of the master or, if none, at least 60 days before the scheduled hearing on the claim for equitable division, the parties are to file and serve upon the other party, inter alia, a pre-trial statement setting forth the assets and liabilities of the parties. Pa.R.C.P. 1920.33(c) states that if a party fails to file either an inventory under subsection (a) of this rule or a pre-trial

9

statement under subsection (b) of this rule, the court may make an appropriate order under Pa.R.C.P. 4019(c) governing sanctions. Finally, Pa.R.C.P. 1920.33(d) states that a party who fails to comply with subsection (b) of this rule may be barred from offering testimony or introducing evidence in support of or in opposition to claims for the matters omitted from the pre-trial statement.

Here, in Husband's brief filed on June 29, 2018, Husband states under section IV, Marital Assets and Liabilities, that the "Master's Report and Recommendation of March 5, 2018 has an accurate description of the parties' marital estate." Husband attached a copy of the Master's Report and Recommendation to his June 29, 2018 brief to indicate to the court that Husband was adopting the Master's March 5, 2018 list of assets and liabilities as his own and, it was therefore Husband's opinion that those values should be considered by the court at the July 12, 2018 hearing.

Conversely, Wife, as the party taking exceptions to the report and recommendation of the Equitable Distribution Master, failed to attach to her June 29, 2018 brief, a copy of the assets and liabilities of the parties according to Wife. Similarly, unlike Husband, Wife did not include a statement in her June 29, 2018 brief adopting the assets and liabilities of the parties as set forth by the Equitable Distribution Master in his March 5, 2018 recommendation and report. In fact, a review of the docket indicates that at no point in time did Wife make a good faith effort to provide Husband, counsel for Husband, or the court with Wife's list of assets and liabilities of the parties.

As the court pointed out to the parties during conference in chambers and on the record at the July 12, 2018 oral argument, items that were previously filed

10

before the Master are not relevant in a *de novo* hearing and, therefore, it was incumbent upon Wife to comply in good faith with Pa.R.C.P. 1920.33. For the court to ignore Wife's ignorance of and blatant non-compliance with the rules and allow Wife to proceed with her exceptions would have been unfair and unduly prejudicial to Husband, especially since Husband's June 29, 2018 brief addressed the parties' assets and liabilities despite the fact that Husband was the non-moving party.

Wife's analysis of Anderson v. Anderson, 2003 Pa. Super. 152, 822 A. 2d 824 (Pa. Super. 2003) and Welsh v. Welsh, 2013 Pa. Super. Unpub. LEXIS 2598 are incorrect as both cases are clearly distinguishable from the facts in the instant case. Specifically, Anderson deals with one asset being left off both parties' inventories and Welsh deals with only part of an asset being left off the parties' inventories. In the present matter, only Husband provided the court and the opposing party a list of assets and liabilities from the marital estate. Wife made no good faith effort to provide such a list to the court and to opposing counsel. The cases Wife cites do not involve the wholesale disregard of Pa.R.C.P. 1920.33 and are not applicable to the facts of the instant case.

Therefore, Wife's claim(s) as raised in paragraph (1) of her 1925(b) Concise Statement are without merit, are not supported by the facts in this matter, and should, therefore, be dismissed.

**2. The Court committed an error of law and abuse of discretion by raising, *sua sponte*, the issue of Rule 1920.33 where neither Appellant nor Appellee had brought the same before the Court.**

> a. The Court committed an abuse of discretion by raising the issue of Rule 1920.33 *sua sponte* when neither Appellee nor Appellant had raised the same for the Court. As a general proposition, trial courts should not raise issues *sua sponte*. See generally, *Commonwealth v. Waters*, 481 Pa. 85, 98 (Pa. 1980) (citing *Commonwealth v. Branham*, 467 Pa. 605, 359 A. 2d 766 (1976); *Butler Area Sch. D. v. Butler Ed. Ass'n*, 481 Pa. 20, 391 A. 2d 1295

11

(1978); *In re Duncan Trust*, 480 Pa. 608, 391 A. 2d 1051 (1978); *Weigand v. Weigand*, 461 Pa. 482, 337 A. 2d 256 (1975)).

b. In Appellee's Motion in *Limine*, Appellee failed to raise either party's compliance with Rule 1920.33 as an issue before the Trial Court. To wit, Appellee had an affirmative obligation to raise the issue of compliance with Rule 1920.33 for the Trial Court in order for the Trial Court to take action. But Appellee did not raise the issue, because presumably, Appellee had also failed to comply with Rule 1920.33 and/or Appellee reasonably believed that the pre-trial Order entered on June 5, 2018 governed.

c. Because the issue was not before the Trial Court it was error for the Trial Court to raise it *sua sponte* particularly where neither party (a) raised the issue, (b) had complied with the Rule, and (c) each of the parties had both properly submitted their written briefs in accordance with the Pre-Trial Order from June 5, 2018.

d. Moreover, Appellee made oral motion moving to have Appellant's Exceptions dismissed; in his oral motion Appellee cited to Rule 1920.33 only after the Trial Court raised the issue *sua sponte*. As such Appellant was unfairly prejudiced by the Trial Court's actions, which effectively provided a basis for Appellee to argue to have the matter dismissed. This operated as just the kind of "gotcha" moment the Superior Court contemplated when finding that one party cannot inure the benefit of the other party's failure to comply with Rule 1920.33 without any sanctions for the benefiting party who also failed to comply. See generally, *Anderson v. Anderson*, 2003 PA Super 152 (Pa. Super. 2003).

The trial court is the best exponent of its own court rules. Blessing v. Philadelphia Rapid Transit Co., 188 A. 573, 574 (1936); Saturen v. Gibraltar Mut. Ins. Co., 159 A. 2d 577 (1960).

Here, Wife argues that the trial court was not permitted to *sua sponte* raise the issue of compliance with Pa.R.C.P. 1920.33. Wife is mistaken. As an officer of the court, attorneys are required to be aware of and follow the rules of court, specifically, local and state rules of civil procedure. It is the duty of the trial court to bring any non-compliance by pro se parties or their counsel to the attention of the parties.

12

In the instant case, on June 5, 2018, the court, after failing to receive filings from the parties regarding the content of the Equitable Distribution Exceptions to be heard on July 12, 2018, issued an order directing counsel for the parties to submit hearing briefs to the court at least ten (10) days prior to the previously scheduled July 12, 2018 hearing. Wife, who filed the exceptions, was, therefore, charged with adhering to the Pennsylvania Rules of Civil Procedure, namely Pa.R.C.P. 1920.33, requiring the parties to file an inventory of the parties' assets and liabilities prior to the Equitable Distribution Exceptions *de novo* hearing. Plain and simple, counsel for Wife did not comply with this rule.

Therefore, Wife's claim(s) as raised in paragraph (2) of her 1925(b) Concise Statement are without merit, are not supported by the facts in this matter, and should, therefore, be dismissed.

**3.The Court committed an error of law and abuse of discretion by requiring the parties to file written briefs before the Court but failing to inform the parties that the Court additionally required Pre-Trial Statements pursuant to Rule 1920.33.**

a.The parties, pursuant to Montgomery County Local Rule 1920.33f-Initial Hearing Statement-Pre trial Statement-Sanctions, each filed an Initial Hearing Statement prior to an equitable distribution hearing before the Equitable Distribution Master.

b.Montgomery County Local Rule 1920.33f requires the parties to file a Pre Trial Statement "[n]o later than 20 days prior to the date of any subsequent hearing before the equitable distribution master, each party shall file the pre-trial statement, in the form required by subdivision (b) of this rule." Montgomery County Local Rule 1920.33f does not state that the parties are to file a Pre-Trial Statement prior to the date of a hearing in front of a judge.

c.The Trial Court, by Order entered on June 5, 2018, required the parties to file briefs ten (10) days in advance of a one (1) day protracted hearing scheduled for July 12, 2018. Said order provided no further directive.

d.Both Appellant and Appellee timely filed their Briefs on June 29, 2018 in compliance with the Trial Court's June 5, 2018 Order.

13

e. Moreover, the information provided by the parties in their written briefs ostensibly mirrors the information required under Rule 1920.33. That neither party submitted a Pre-Trial Statement operates as evidence that the parties reasonably believed that the Order entered by the Trial Court on June 5, 2018 governed. Put another way, both Appellant and Appellee reasonably believed that the June 5, 2018 Order controlled as evidenced by the fact that they both submitted robust written Briefs pursuant to said Order.

Here, while Montgomery County Local Rule of Civil Procedure 1920.33(f) pertains to hearings before the Master in Equitable Distribution, the existence of this local rule does not negate the existence of Pa.R.C.P. 1920.33 which states that at least sixty (60) days before the parties are to appear for a hearing before the court on an equitable division matter, the parties are to file and serve upon the other party a pre-trial statement setting forth, inter alia, the assets and liabilities of the parties, expert witness (es), lay witness (es), and income of the parties. As stated above, parties and their respective counsel are charged with being aware of and following all state and local rules of civil procedure. Husband complied with Pa.R.C.P. 1920.33 while Wife did not.

Therefore, Wife's claim(s) as raised in paragraph (3) of her 1925(b) Concise Statement are without merit, are not supported by the facts in this matter, and should, therefore, be dismissed.

### 4. The Court committed an error of law and abuse of discretion by imposing strict adherence to Rule 1920.33 where the Scheduling Order did not allow for compliance.

a.The matter was first scheduled on May 16, 2018 for a protracted hearing listed for July 12, 2018. As a matter of practical effect neither party would effectively comply with the stringent requirements of Rule 1920.33 even if they had tried since at that time there were only fifty-six (56) days from the date of scheduling to the date of the hearing. This further bolsters Appellant's reasonable contention that the Pre-Trial Order of June 5, 2018 requiring the parties to file briefs controlled. Moreover, the fact, again, that Appellee complied with the June 5, 2018 Order and not Rule 1920.33 further supports Appellant's position.

14

b.Additionally, the parties both fully complied with the requirements of Montgomery County Local Rule 1920.33f. because the parties had throughout the pendency of the proceedings complied with the operative rules, since the Trial Court entered a Pre-Trial Order requiring written briefs, and as a result of the insufficient advance notice for either party to comply with the requirements of Rule 1920.33(b), it is error to hold Appellant to a standard that she could not, through no fault of her own, meet. Because the protracted hearing was held less than sixty (60) days from the date that the same was scheduled Appellant's compliance was rendered impossible.

Here, at a minimum, Wife was to make a good faith effort to comply with Pa.R.C.P. 1920.33. At the time the court issued the June 5, 2018 order directing the parties to file pre-trial statements, the court had received no filings from either party, including Wife as the moving party, related to the July 12, 2018 *de novo* Equitable Distribution Exceptions Hearing. Furthermore, Wife is incorrect in stating that Husband failed to comply with Pa.R.C.P. 1920.33. As stated above, Husband's June 29, 2018 Pre-Trial Brief adopted and incorporated the Master in Equitable Distribution's March 5, 2018 listing of the parties' assets and liabilities. Wife's pre-trial brief contained no such adoption and/or incorporation of the parties' assets and liabilities. Wife falsely states that throughout the pendency of the proceedings, she complied with the operative rules. However, as stated above, at no point in time did Wife make a good faith effort to provide Husband, counsel for Husband, or the court with a listing of the items Wife was required to provide pursuant to Pa.R.C.P. 1920.33.

As the court pointed out to the parties during conference in chambers and on the record at the July 12, 2018 oral argument, items that were previously filed before the Equitable Distribution Master are not relevant in a *de novo* Equitable Distribution Hearing, therefore, it was incumbent upon Wife as the moving party to comply in good faith with Pa.R.C.P. 1920.33 . For the court to ignore Wife's blatant

15

non-compliance with the rules and allow Wife to proceed with her exceptions would have been unfair and unduly prejudicial to Husband, especially since Husband's June 29, 2018 brief addressed the parties' assets and liabilities.

Therefore, Wife's claim(s) as raised in paragraph (4) of her 1925(b) Concise Statement are without merit, are not supported by the facts in this matter, and should, therefore, be dismissed.

### 5. The Court committed an error of law and abuse of discretion by granting Appellee's Exceptions to the May 19, 2017 Discovery Order.

a.The Trial Court has also erred by granting Appellee's Exceptions to the May 19, 2017 Discovery Order as it overly prejudiced Appellant by precluding a large and extremely relevant portion of necessary documents for admission. To proceed forward with an Equitable Distribution hearing without such pertinent documents not only overly prejudices Appellant but truncates the Trial Court's ability to fully and fairly weight all factors prior to issuing a ruling.

Questions of admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Burch v. Sears, Roebuck and Company, 467 A. 2d 615, 621 (1983).

Here, on October 4, 2017, the court, upon consideration of Husband's June 7, 2017 Exceptions to the May 19, 2017 Recommendation of Equitable Distribution Master and after an oral argument with counsel for the parties on September 27, 2017, issued the following order:

> Defendant's June 7, 2017 Exceptions to Recommendation of Equitable Distribution Master are GRANTED in regard to #1.a. of the May 19, 2017 order. If there is any other discovery due[6] to Plaintiff as to the

---

[6] The May 19, 2017 order sur granted Plaintiff's April 7, 2017 Motion to Compel Answers to Second Request for Production of Documents, and directed Defendant, and the non-party law firm of Hamburg & Golden, P.C. to submit the following to the Plaintiff: 1.a. Full electronic copy of Quick Books Data file with detailed transactions from 2006 to current; b.All bank account statements from 2010 to current; c. Defendant's 2016 and 2017 year to date paystubs; d. Annual forms W-2 and W-3 for Defendant; e. Corporate Income Tax Returns for 2007 through 2011 and 2016 (when available); f. Detail listing of all shareholders loan activity from 2007 to current; h. List of any referral fees paid from 2007 to current; j. All escrow account bank statements from 2007 to current; 1. Details of MMP Health Exchange, LLC as reflected on the 2015 statement regarding final RCT-101 filing.

remainder of the May 19, 2017 order, the Defendant is to provide discovery forthwith. (See, Exhibit D-2).

BY THE COURT:

_____/s/_____
**PATRICIA E. COONAHAN, J.**

For Wife to claim that she was prejudiced by the court precluding the Quick Books data is incorrect. The court's order of October 4, 2017 directed Husband to forthwith provide to Wife a plethora of financial discovery requests. After an oral argument on September 27, 2017, the court's October 4, 2017 order granted Husband's exceptions only as to #1.a. (Quick Books data). The court did not abuse its discretion in this regard since after a hearing it allowed Wife to receive voluminous financial data from Husband while only granting discovery exceptions to Husband with regard to the Quick Books data.

Therefore, Wife's claim(s) as raised in paragraph (5) of her 1925(b) Concise Statement are without merit, are not supported by the facts in this matter, and should, therefore, be dismissed.

**6. The Court committed an error of law and abuse of discretion by granting Appellee's Oral Motion in *Limine* and dismissing Appellant's Exceptions.**

a.As aforementioned, Appellant was unduly prejudiced by the Trial Court's action in granting Appellee's Oral Motion in *Limine*. To wit, the Trial Court erred in sanctioning Appellant for actions that were both (a) outside of her control and (b) held Appellant to an unfair standard that effectively rewarded Appellee where both acted in the same manner, particularly where, as articulated in *Anderson*, supra, the rules were intended to provide an even playing filed in the economic dissolution of the marriage. See generally, *Anderson v Anderson*, 2003 PA Super 152 (Pa. Super. 2003).

b.Appellee was in no way prejudiced by Appellant's actions. To wit, Appellee's expert has been involved in the litigation almost since the matter's inception. Appellee had multiple direct interactions with said expert and was familiar with the course and scope of his work. Most, if not all, of the documentation Apellant's [SIC]

17

expert utilized in compiling his findings and purported testimony was directly available to and provided by Appellee. Appellant's expert was merely synthesizing Appellee's directly provided fully accessible information. Moreover, Appellant's expert had been present to testify at prior proceedings and all of the information utilized by the expert is, and has been, abundantly available to Appellee.

c.Lastly, the Trial Court erred in granting Appellee's Oral Motion particularly where the Trial Court had less restrictive alternatives available to it such as continuing the matter and allowing both of the parties adequate time to comply with Rule 1920.33(b). To dismiss Appellant's Exceptions effectively foreclosing her from putting forth an argument was unduly harsh and prejudicial under the circumstances, particularly where Appellee would not have suffered undue harm in simply continuing the matter so that the parties could both be afforded an opportunity to comply.

d. As a general proposition courts should not preclude expert testimony in the absence of prejudice. See generally, *Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567 (1986). In this instance Appellee was not prejudiced where he had effectively had control of all the information reviewed by Appellant's expert, Appellant's expert had been involved in the matter since near its inception, and Appellant had been consistently listed as a witness prior to hearings.

Pa.R.C.P. 1920.33(c) states that if a party fails to file either an inventory under subsection (a) of this rule or a pre-trial statement under subsection (b) of this rule, the court may make an appropriate order under Pa.R.C.P. 4019(c) governing sanctions. Pa.R.C.P. 4019(c) states that the court may enter an order refusing to allow a disobedient party to support or oppose designated claims for defenses or may prohibit such a party from introducing in evidence designated documents, things or testimony or from introducing evidence of physical or mental condition or may enter an order striking out pleadings of parts thereof. Finally, Pa.R.C.P. 1920.33(d) states that a party who fails to comply with subsection (b) of this rule may be barred from offering testimony or introducing evidence in support of or in opposition to claims for the matters omitted.

The Superior Court has routinely affirmed dismissals, default judgments or preclusion of evidence when a party does not comply with pretrial disclosure

18

requirements. *See, e.g.* Hein v. Hein, 717 A. 2d 1053 (1998 Pa. Super.); Kruis v. McKenna, 790 A. 2d 322 (2001); Luszcynski v. Bradley, 729 A. 2d 83 (1999 Pa. Super.).

Pa.R.C.P. 1920.33 (b) (2) states that in an equitable division matter, the parties are to provide the following:

> (2) the name and address of the expert witness (es) the party intends to call at trial. A report of each expert witness listed shall be attached to the pre-trial statement. The report shall describe the expert's qualifications and experience, state the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each opinion.

Wife's June 29, 2017 brief deliberately failed to address Pa.R.C.P. 1920.33(b) (2) which relates to providing reports of an expert witness prior to the hearing before the court. While Wife argues that her expert has worked and consulted for Wife in the past, a review of the docket in this matter indicates that at no point during the parties' divorce matter has Wife presented testimony from her expert. Therefore, there was absolutely no way that Husband could predict what Wife's expert was going to testify to and what his report would contain without Wife providing the expert report prior to trial. Pa.R.C.P. 1920.33(b) (2) exists to ensure that both parties in an equitable division matter receive a fair trial. Because Wife did not provide the expert report to Husband prior to trial, Husband was precluded from obtaining his own expert if necessary, a scenario that would have set up a 'trial by ambush' had the court not granted Husband's Motion in *Limine.*

## III.CONCLUSION:

The court respectfully requests that the Superior Court of Pennsylvania dismiss Wife's appeal filed on September 5, 2018 and affirm the Divorce Decree entered on August 17, 2018 which incorporates the March 5, 2018 report of the

Equitable Distribution Master as well as affirm the Court's August 7, 2018 order denying Wife's Equitable Distribution Exceptions.

BY THE COURT:

_____

**PATRICIA E. COONAHAN, J.**

Copies mailed 11/20 /18 to:
Diana C. Schimmel, Esquire
Saul D. Levit, Esquire

_____,Secretary

20